336 A.2d 306

**James J. HERWOOD and Mary E. Herwood, Appellants,**

**v.**

**Margaret C. HERWOOD, Appellee.**

Supreme Court of Pennsylvania.

Argued March 19, 1974.

Decided April 17, 1975.

George E. Loebig, Jr., Pittsburgh, for appellants.

C. Francis Fisher, Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice:

The appellants, James J. Herwood and Mary E. Herwood are brother and sister. They filed a Complaint in Equity against their older sister, Margaret C. Herwood, seeking to impose a resulting trust on real estate located at 4130 Murray Avenue, in the city of Pittsburgh. This real estate consists of a lot and of a residence in which the parties resided following its construction in 1927. The trial court entered a decree nisi denying relief. That decree was made final after the dismissal of appellants' exceptions. This appeal followed.

The trial court found the following. Prior to the construction of the residence, the parties in this appeal, along with two other brothers and one other sister entered into an agreement for the purchase of the lot upon which the residence was later constructed. The empty lot, however, was not conveyed to the six brothers and sisters, but was conveyed to the appellee alone. After construction of the home was completed, these three brothers and two sisters conveyed by deed all of their right, title and interest in the property to appellee. This deed, dated September 5, 1928, was signed by the five grantors at various times between 1928 and 1933, and was recorded in 1935. All six brothers and sisters were obligated on a $5,000 mortgage for a period of about nine months prior to and during the construction of the home. This mortgage was satisfied on June 21, 1927, at which time mortgages, in the sole name of the appellee, were placed on the residence.

The trial court also found the following. The home constructed on the property in 1927 cost approximately $13,000. The money needed for the construction, except an amount received from the five brothers and sisters, was financed by a mortgage in which the appellee was

the sole obligor. Pursuant to the terms of a written agreement dated September 5, 1928, the appellee borrowed approximately $6,000 from her five brothers and sisters and executed promissory notes to each of them for the money she received. This written agreement made reference to "her real estate" and "first party's [appellee's] real estate."

The trial court further found that from the time of the acquisition of the property in 1926, the appellee personally discharged all indebtedness against the property, including mortgages and real estate taxes, and that the appellants contributed to the maintenance of the household, but that the sums contributed were not considered by the parties as payment in any way connected with the ownership of the property.

The findings of fact of the trial court, approved by the court en banc, will not be disturbed on appeal if the record supports such findings. The rule "is particularly applicable to findings of facts which are predicated upon the credibility of witnesses, whom the chancellor has had the opportunity to hear and observe, and upon the weight to be given to their testimony." *Scientific Living, Inc. v. Hohensee*, 440 Pa. 280, 282, 270 A.2d 216, 220 (1970). The record here supports those findings.

Based on its findings, the trial court concluded that there was "no evidence upon which the court could find conduct on the part of the [appellee] which would require the imposition of a resulting or constructive trust whereby [appellee] would become a trustee of the [residence] for the benefit of the [appellants]."

The appellants first contend that the trial court erred in not concluding that a confidential relationship existed between the appellee, who was the oldest sibling, and her other brothers and sisters. We do not agree. The record discloses that at no time during the trial did the appellants contend that a confidential relationship

existed. The decree nisi did not consider the issue of a confidential relationship and the exceptions filed to the decree nisi made no mention of any claimed confidential relationship. The appellants' brief refers to certain testimony of the appellee, and contends that it contains an admission by the appellee of a confidential relationship. We have examined this testimony and find it completely irrelevant to the issue of whether a confidential relationship existed. We cannot infer from this testimony that any party raised the issue in the trial court. In such circumstances, the issue is not properly before this Court. *Dilliplaine v. Lehigh Valley Trust Company,* 457 Pa. 255, 322 A.2d 114 (1974).

The other issues raised by the appellants all concern the credibility of witnesses. The appellants insist, as they did in the trial court, that the deed for the property delivered to the appellee and later recorded was only intended for convenience in financing, and that it was the intent of all the parties that each brother and sister would retain a beneficial interest in the real estate. The trial court did not accept the appellants' version of the events, and the record supports the trial court's findings and conclusion.

Decree affirmed. Costs on the appellants.