446 A.2d 903

**ESTATE OF Lewis A. RILEY, Deceased.**

**Appeal of Henry Drinker RILEY, Horace Burt Riley, Marie Louise Riley Gazeaud and Jean Brooke Riley Pasquet.**

Supreme Court of Pennsylvania.

Argued April 15, 1982.

Filed June 25, 1982.

Robert L. Bast, Philadelphia, for appellant.

Nicholas Kozay, Jr., Philadelphia, for C. Pasquet, et al.

John D. Iskrant, Philadelphia, for J. S. Huffer, et al.

Duffield Ashmead, III, Philadelphia, for H. Gates Lloyd and Provident Nat'l Bank.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Testator Lewis A. Riley died on April 23, 1925, leaving a will dated October 25, 1922, and a codicil dated June 3, 1924, establishing a trust from the residue of his estate. At issue on this appeal is whether appellees, two adopted children of one of testator's grandchildren, are entitled to share in the trust principal. We agree with the unanimous determination of the Orphans' Court Division of the Court of Common Pleas of Philadelphia that appellees are so entitled and, accordingly, affirm.

Item Fifth(d) of testator's will provides:

"When and as any grandchild of mine receiving income as aforesaid who may have been born in my lifetime, shall die, said Trustees shall pay over, transfer, and convey such part or share of the capital or principle of said Trust as may have been held as aforesaid for the use and benefit of such grandchild so dying, absolutely, clear of all trusts, per stirpes and by representation, unto the then living issue of such grandchild so dying as aforesaid . . . ."

Upon the death in 1977 of appellees' adoptive mother, Jean B. Croft, the trustees filed an accounting, recommending that the one-third share of trust principal from which Mrs. Croft had been receiving income be distributed to appellees pursuant to the above testamentary direction. Appellants, other grandchildren and great-grandchildren of testator, objected to the proposed distribution. They argued that testator's references to beneficiaries in other paragraphs of his will and codicil as "issue born . . . of children of mine" and "grandchildren . . . born in my lifetime" demonstrate a clear intent to exclude adopted children from participation in the trust.

As the auditing judge, Pawelec, J., correctly noted, these references cannot be read to indicate a clear intent to exclude adoptees as beneficiaries even within these paragraphs. A fortiori, they cannot support the argument that testator intended to exclude appellees from their share of trust principal as directed in Item Fifth(d), where the only direction is that principal be distributed to "living issue." See *Farmers Trust Co. v. Bashore*, 498 Pa. 146, 445 A.2d 492 (1982).

Where, as here, a testator has expressed no clear intent with regard to adopted children and directs only that a distribution be made to "issue," it is a settled canon of construction that the testator intended to include adopted children within his bounty. *Estate of Sykes*, 477 Pa. 254, 383 A.2d 920 (1978) (bequest to "issue" presumed to include adopted children); *Estate of Sewell*, 487 Pa. 379, 409 A.2d 401 (1979) (same). See *Tafel Estate*, 449 Pa. 442, 296 A.2d

797 (1972) (adopted children permitted to take under bequest to testator's "children"); *Estate of Flinn*, 479 Pa. 312, 388 A.2d 672 (1978) (bequest to "children" of testator's children presumed to include adoptees); *Estate of DeRoy*, 481 Pa. 403, 392 A.2d 1355 (1978) (adopted child permitted to take under bequest to "children" of testator's children); *Estate of Biddle*, 487 Pa. 616, 410 A.2d 782 (1980) (adopted child permitted to take under bequest to "children and issue" of testator's grandchildren). See also *Farmers Trust Co. v. Bashore*, supra (conveyance to "children" of settlor's children in inter vivos trust presumed to include adoptee). Thus, as the orphans' court correctly concluded, appellees are entitled to their mother's share of trust principal.

Decree affirmed. Costs on appellant.