495 A.2d 594

**In re ESTATE OF Ida Graham KETCHAM, Deceased.**

**Appeal of Barbara Harrison JOHNSON.**

**ESTATE OF Ida Graham KETCHAM, Deceased.**

**Appeal of Eleanor Graham ROBB.**

Superior Court of Pennsylvania.

Argued March 26, 1985.

Filed June 28, 1985.

A. Bruce Niccolo, Devon, for appellant (at 1637).

William C. Bullitt, Philadelphia, for appellant (at 1620).

Before TAMILIA, LIPEZ and SHIOMOS *, JJ.

TAMILIA, Judge:

This is an appeal from the decree dismissing the exceptions of Barbara Harrison Johnson and sustaining those of Suzanne Ketcham Bornstein, adoptees of, respectively, a daughter and son of the testatrix, Ida Graham Ketcham. The issue before us is whether said adoptees are entitled to share in the distribution of income and principal from a testamentary trust. We affirm.

The facts as clearly delineated in the Opinion Sur Exceptions to Adjudication filed May 8, 1984 are as follows:

Testatrix, by will dated April 11, 1911, had left the residue of her estate in trust for the benefit of her three children, Walter Russell Ketcham, Eleanor H.G. Ketcham (now Harrison) and B. Graham Ketcham. One-third of the income was to be paid to each of them for life. Upon the death of a child, that share of income was to be paid to the issue, if any, of the deceased child until the trust terminated. If a child died without issue, then that share of income was to be divided among the surviving children or issue of deceased children until the trust terminated. The trust terminated upon the death of the last surviving child and at that time, principal shall be distributed "among my grandchildren by representation", and upon failure of issue of the three children, then to the children of the brothers and sisters of testatrix. The trust has now terminated.

Walter Russell Ketcham died first without issue. B. Graham Ketcham died next survived by one natural child, Eleanor Graham Robb, and one adopted child, Suzanne Ketcham Bornstein, who is one of the exceptants. Suzanne was born on March 3, 1946 and was adopted by B. Graham Ketcham and his wife on January 23, 1948.

---

* Judge Thomas N. Shiomos, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

Eleanor H.G. Harrison died last on April 30, 1979 without natural born issue. However, on November 6, 1978, when she was 85 years of age, Eleanor made application to adopt Barbara Harrison Johnson, the other exceptant herein, who was then married and 56 years of age. The adoption decree was signed by a Connecticut court on [December 21, 1978], and, subsequently, amended on June 11, 1980 after the death of Eleanor.

(Slip Op. at 1–2).

At the audit, the trustee contended that since Suzanne had been adopted while an infant by testatrix's son, she was entitled to share in trust income and principal equally with her adoptive sister, Eleanor Robb. The trustee also maintained that Barbara Johnson, who had been adopted at age 56 by testatrix's octogenarian daughter, was not entitled to share in the trust.

An evidentiary hearing was held before Judge Shoyer, the auditing judge, on November 21 and 26, 1980. Judge Shoyer ruled that only the natural child, Eleanor Graham Robb, was entitled to income or principal from the trust. The auditing judge concluded that it was the intent of testatrix, as found from her will and surrounding circumstances, to exclude adopted children.

Both adoptees filed timely exceptions to the auditing judge's adjudications. By Decree dated May 8, 1984, the Orphans' Court en banc sustained Suzanne's exceptions and dismissed Barbara's exceptions.[1] The instant appeals followed.

Our appellate scope of review is summarized in *Estate of Dembiec*, 321 Pa.Super. 515, 468 A.2d 1107 (1983):

On appeal, the findings of an Orphans' Court judge who hears testimony without a jury are entitled to the weight of a jury verdict. *In re: Masciantonio's Estate*, 396 Pa. 16, 151 A.2d 99 (1959). This rule is particularly applicable "to findings of fact which are predicated upon the credi-

---

1. We note that the decision of the lower court en banc represents a reversal of the auditing judge's conclusion in this case, a view capsulized in his dissent.

bility of the witnesses, whom the judge has had the opportunity to hear and observe, and upon the weight given to their testimony." *Herwood v. Herwood*, 461 Pa. 322, 336 A.2d 306 (1975). In reviewing the Orphans' Court's findings, our task is to ensure that the record is free from legal error and to determine if the Orphans' Court's findings are supported by competent and adequate evidence and are not predicated upon capricious disbelief of competent and credible evidence. *In re: Estate of Damario*, 488 Pa. 434, 412 A.2d 842 (1980). However, we are not limited when we review the legal conclusions that Orphans' Court has derived from those facts. *In re: Ischy Trust*, 490 Pa. 71, 415 A.2d 37 (1980).

*Id.*, 321 Pa.Superior Ct. at 519–20, 468 A.2d at 1110. We turn now to consider the arguments presented by each appellant.

 Regarding the claim of Suzanne Ketcham Bornstein, the lower court's finding that she is entitled to share equally in the distribution of income and principal of the testamentary trust is in compliance with the rule of construction adopted in *Tafel Estate*, 449 Pa. 442, 296 A.2d 797 (1972). Simply stated, the *Tafel* Court held that in the absence of a clear expression in the instrument to the contrary, adoptees are embraced within general designations such as "children" or "issue". Moreover, in *Estate of Riley*, 498 Pa. 395, 446 A.2d 903 (1982), our Supreme Court affirmed a decree allowing two adopted children of one of the testator's grandchildren to share in the trust principal. The *Riley* Court held that:

Where, as here, a testator has expressed no clear intent with regard to adopted children and directs only that a distribution be made to "issue," it is a settled canon of construction that the testator intended to include adopted children within his bounty. *Estate of Sykes*, 477 Pa. 254, 383 A.2d 920 (1978) (bequest to "issue" presumed to include adopted children); *Estate of Sewell*, 487 Pa. 379, 409 A.2d 401 (1979) (same). *See Tafel Estate*, 449 Pa.

442, 296 A.2d 797 (1972) (adopted children permitted to take under bequest to testator's "children"); *Estate of Flinn,* 479 Pa. 312, 388 A.2d 672 (1978) (bequest to "children" of testator's children presumed to include adoptees); *Estate of DeRoy,* 481 Pa. 403, 392 A.2d 1355 (1978) (adopted child permitted to take under bequest to "children" of testator's children); *Estate of Biddle,* 487 Pa. 616, 410 A.2d 782 (1980) (adopted child permitted to take under bequest to "children and issue" of testator's grandchildren). *See also Farmers Trust Co. v. Bashore,* [498 Pa. 146, 445 A.2d 492] *supra* (conveyance to "children" of settlor's children in inter vivos trust presumed to include adoptee).

*Id.,* 498 Pa. at 397–98, 446 A.2d at 904–05. Here, since the testatrix's will expressed no clear intent with regard to adopted children, the canon of construction adopted in *Tafel* applies, irrespective of any prior presumptions in the law regarding adoption.[2] Thus, we agree with the court en banc that the auditing judge erred in concluding that the testatrix intended to exclude adopted children and hold that Suzanne Ketcham Bornstein is entitled to her share.[3]

**2.** We note that at the time of execution of testatrix's will, the law was clear that in the absence of any testamentary language demonstrating the intent of testator, it was presumed that the testator intended to exclude adopted children. However, in response to changing social attitudes and policies, our modern adoption statutes equate the rights of adopted children with natural children. For an excellent review of the law in this Commonwealth regarding adoption, see the Opinion of former Chief Justice Jones in *Tafel.*

**3.** In support of its conclusion, the lower court stated:

The fact that testatrix had great pride in her family and her ancestry and the fact that she bequeathed the principal of the trust to the children of her brothers and sisters upon the failure of issue of her children are not sufficient facts to support the conclusion that there was an implied intent on the part of testatrix to exclude adoptees. A gift to "the children of my brothers and sisters" is no more a "call of the blood" than a gift to "my issue" or "my children". A consideration of all the extrinsic evidence and all of the language of the will does not give a clear indication of the intent of testatrix in regard to adoptees one way or the other, i.e. whether they should be included or excluded.

(Slip Op. at 5–6).

■ With regard to Barbara Harrison Johnson's claim that she is entitled to share in the distribution of the principal of the testamentary trust because she lived with Eleanor H.G. Ketchum (now Harrison) since she was eighteen years old, we emphatically disagree. The sole purpose for her adoption was to secure an inheritance. This is reflected by the fact that in 1948, Eleanor declined to adopt Barbara upon learning that the existing law precluded any inheritance by adoptees. However, in 1978, once Eleanor learned that Suzanne (the other adoptee) would share in the trust distribution due to changes in the law, she proceeded to adopt Barbara, who was then 56 years old and married. Such a blatant attempt to rewrite the testatrix's will by an adoption "undertaken by a person other than the testator to prevent a gift over in default of a natural 'child' or 'children' " is proscribed. *Tafel, supra,* 449 Pa. at 454, 296 A.2d at 803.[4]

For the foregoing reasons, we conclude that the court en banc correctly dismissed Barbara Harrison Johnson's exceptions.[5]

Accordingly, the decree dismissing the exceptions of Barbara Harrison Johnson and sustaining those of Suzanne Ketcham Bornstein is affirmed.

Decree affirmed.

**4.** Several other jurisdictions have refused to permit an adult adoptee to inherit through his or her adopted parent where to do so would frustrate the probable intent and natural expectations of the testator/testatrix. *See, e.g., Williams v. Ward,* 15 Cal.App.3d 381, 93 Cal.Rptr. 107 (1971); *First National Bank of Dubuque v. Mackey,* Iowa, 338 N.W.2d 361 (1983); *In Re Nowels Estate,* 128 Mich.App. 174, 339 N.W.2d 861 (1983); *In Re Adoption of P.,* 193 N.J.Super. 33, 471 A.2d 1220 (1983) (adoption of adult denied because the principal purpose was to permit adoptee to obtain a tuition-free education).

**5.** Since we unequivocally find that Barbara Harrison Johnson's adoption was carried out solely to secure an inheritance, we find no merit in Barbara's claim that she is entitled to her share because of the familial type relationship which developed between her and Eleanor H.G. Ketcham.