514 A.2d 987

Township of East Pennsboro et al., Appellants *v.* Borough of Camp Hill et al., Appellees.

Argued November 14, 1985, before Judges MAC-PHAIL and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Henry F. Coyne,* for appellants.

*Donn L. Snyder,* for appellees.

OPINION BY JUDGE DOYLE, September 9, 1986:

Before us is a case of first impression involving the interpretation of Section 1704 of The Borough Code,[1] which governs the manner in which a borough may vacate a street which connects with a street of another municipality.

At issue in the present matter is the vacation of a portion of Creek Road in the Borough of Camp Hill. The Township of East Pennsboro and various individuals[2] (Appellants) have taken this appeal from the order of the Court of Common Pleas of Cumberland County which affirmed the Borough Council's decision to vacate a portion of that road.

Creek Road is a public highway which runs through the Borough of Camp Hill and connects with a highway owned and maintained by East Pennsboro Township. The road is a narrow secondary street which runs along the banks of the Conodoguinet Creek, and passes through a public park owned by the Borough of Camp Hill. During 1983, Borough residents along Creek Road began complaining of excessive traffic using the road as a short cut to a nearby commercial development in East Pennsboro Township. Acting in response to these complaints, the Borough Council passed an ordinance

---

[1] Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §46704.

[2] Joseph Perko, Jr., Francis A. Schneider, George B. Kunkel, Iris J. Kennedy, and Richard D. Coyler.

on November 16, 1983, in which it vacated that portion of Creek Road which traversed the Borough's park lands. The Borough also erected gates which limited access to this portion of the road to those nearby residents who were given cards to activate the gates. The Borough enacted its ordinance without obtaining prior approval from either the Township of East Pennsboro or the Cumberland County Court of Common Pleas.

Soon after the passage of the ordinance, Appellants filed a petition with the Borough Council requesting that the ordinance be rescinded. The Borough Council held a hearing pursuant to Section 1741 of the Borough Code,[3] and, after hearing testimony from all parties, voted to dismiss Appellants' petition, and filed formal findings of fact and conclusions of law in support of that decision. Appellants appealed the Borough Council's decision to the Court of Common Pleas, which took no additional evidence, and affirmed, finding that the Borough did not abuse its discretion in vacating the portion of Creek Road.

At issue in the present appeal is the trial court's interpretation of Section 1704 of the Borough Code, which states:

> No action shall be taken under this article [Article XVII] that would result in the change of location or grade, or the vacation of any street or portion thereof that connects with a street of another municipality or township, without approval of the court of quarter sessions [now common pleas[4]] of the county in which such municipality or township is located, unless such municipality

---

[3] 53 P.S. §46741. Section 1741 of the Borough Code deals with a Borough's authority to vacate streets in general and establishes a rather elaborate procedure under certain circumstances to accomplish the vacation. *See* Footnote 6.

[4] *See* Section 912 of the Judicial Code, 42 Pa. C. S. §912.

or township shall itself first file with the borough
secretary its approval of such proposed action.
Appellants argued before the trial court that this Sec-
tion required the Borough to obtain prior approval from
the Township of East Pennsboro or from the court of
common pleas before vacating its street. While agreeing
that Creek Road was a street "that connects with a
street of another municipality,"[5] and thus subject to the
requirements of Section 1704, the trial court disagreed
with the Appellants' interpretation of that Section, find-
ing that nothing in the Section mandated *prior* approval
by the court of common pleas. The court concluded that
the court approval required under this Section could be
satisfied by an appeal from the Borough's final action in
passing the ordinance. The court reasoned that, in view
of Section 1741 of The Borough Code, which authorizes
appeals to the court of common pleas *subsequent* to the
passage and hearing of the ordinance,[6] to require addi-
tional court approval *prior* to the passage of the ordi-
nance would result in a cumbersome procedure which
could not have been intended by the legislature.

---

[5] Creek Road connects with Center Street, an East Pennsboro
Township street. Although, as a result of the relocation of Center
Street by Pennsylvania DOT, the actual connection between the
two streets now occurs within the boundaries of Camp Hill, Center
Street is still owned and maintained by East Pennsboro.

Although it did not appeal from the trial court's determination,
the Borough still contends in its brief that such a street does not fall
within the definition of a connecting street for purposes of Section
1704. We agree with the court, however, that under these facts,
Creek Road would be a connecting street for purposes of this sec-
tion.

[6] Section 1741 provides for a forty day period between the
enactment of the ordinance and its effective date, during which
time Borough Council may hold a hearing upon petition from any
interested party. Once council has taken action upon the petition,
an aggrieved party has thirty days to appeal to the court of common
pleas.

The trial court thus proceeded to review the case under the abuse of discretion standard of review applicable to appeals from actions of municipal bodies. Finding no abuse of discretion, the court affirmed the decision of the Borough Council which dismissed Appellants' petition to rescind the ordinance.

Initially we note that we have very little to aid us in construing this Section of The Borough Code. Our research has disclosed no appellate authority analyzing Section 1704. In addition, the former Borough Code of 1927[7] from which much of the present code was derived, contained no similar provision. Indeed, this provision appears to be unique in all of the Pennsylvania municipal law, having no counterpart in other municipal codes.[8] Neither the lack of precedent or the unique nature of the provision should prevent us, however, from giving effect to its clear and unambiguous language. *See* 1 Pa. C. S. §1921(b). The Section plainly states that, whenever an action of a borough would result in the vacation of a street connecting with the street of another municipality or township "[n]o action shall be taken under [Article XVII] . . . *without approval of the court . . . , unless* [the] municipality or township shall itself first file . . . its approval. . . ." (Emphasis added.) Since Section 1741 is included under Article XVII, which sets forth the procedure by which a borough is authorized to vacate its streets generally, we can conclude that Section 1704 is intended to place yet *another* condition on the borough's authority to vacate, *i.e.*, upon prior court approval.

---

[7] Act of May 4, 1927, P.L. 519, *as amended*.

[8] *Compare*, for example, Section 2005 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §57005, and Section 66101 of The Second Class Township Code, Act of May 1, 1933, P.L. 1101, *as amended*, 53 P.S. §66101.

We cannot agree with the trial court that subsequent review by the court satisfies Section 1704, since it states that *no* action shall be taken under the article. As applied to a street vacation under Section 1741, this refers not simply to the final action in formally vacating the street, but to *any* action under Section 1741, including the initial enactment of the ordinance which proposes the vacation.

Since without prior court approval the Borough had no authority to proceed under Section 1741, its ordinance is void, and cannot be given validity by subsequent court review. Section 1704 was intended to limit the authority of a borough in this particular situation; it would be inconsistent with this intent were we to interpret the section to allow a court to ratify an action which the Borough had no authority to take.

In addition, it is clear that the "court approval" required under Section 1704 is not synonymous with the appellate review provided under Section 1741, as the trial court's opinion suggests. If it were, Section 1704 would require judicial *appellate* review prior to any action by the Borough—a result which, as the trial court correctly pointed out, is senseless and, we presume, not intended by the legislature. 1 Pa. C. S. §1922(1). The word "approval" when viewed in the context of Section 1704, however, connotes more than a limited review of a borough's actions. Rather, it connotes the court's exercise of its own judgment in determining the correctness and advisability of the Borough's proposed action. We believe, therefore, that Section 1704 intends that the court hear the matter *de novo,* and make findings and conclusions in support of its own determination as to whether the Borough's proposed vacation should be approved. In such situations, the court's hearing and approval is intended to take the place of the Borough's hearing and approval which would otherwise

occur pursuant to Section 1741.[9] For reasons of its own, the legislature has chosen to differentiate this one particular set of circumstances from the usual action of a borough to vacate its streets.

It is quite understandable that the trial court would limit itself to a review of the record in view of established case law which has uniformly recognized a borough's authority to vacate its own streets, and generally establishes that a court may not inquire into the reasons for the Borough's action, but must affirm absent a plain abuse of discretion. *Fried-El Corporation Appeal,* 81 Pa. Commonwealth Ct. 493, 474 A.2d 713 (1984); *Accord In re: City of Altoona,* 479 Pa. 252, 388 A.2d 313 (1978). Nonetheless, it must be recognized that the Borough's authority to vacate its streets is not derived from common law, but from statute, and thus may be limited by statute. *See* McQuillan, 11 Municipal Corporations §30.185 (3d Ed. Rev.).[10] Despite the dis-

---

[9] For this reason the concern that this interpretation would result in duplicative litigation before the court of common pleas is unwarranted. Since all issues would be litigated in the first instance before the court, an additional appeal from the Borough's subsequent enactment of the ordinance would likely be unnecessary. Even if the application of this section does result in additional litigation, however, we cannot reconstruct the section to avoid that result; such concerns must be addressed to the legislature. *See Fried-El Corporation Appeal,* 81 Pa. Commonwealth Ct. 493, 474 A.2d 713 (1984).

[10] This section states, in pertinent part:

[T]he existing plenary power of the legislature over streets is authority to vacate them. However, such authority is usually vested in municipal corporations. . . .

. . . . .

As a municipality has no inherent power to vacate streets, the grant of authority to do so must be given in express terms or by necessary implication. (Footnotes omitted.)

cretion traditionally bestowed upon boroughs in this area, it was obviously the legislature's intention in enacting Section 1704 to restrict the borough's discretion in situations in which the interests of a larger geographical area may be affected. This regional approach to street vacation placed upon the court of common pleas the discretion typically reserved to the borough. While this result may be novel, it seems to us, nonetheless, the clear intent of this section of the Borough Code and we must therefore give it effect.

In conclusion, we find that the Borough had no authority to enact its ordinance without the prior approval of the Township of East Pennsboro or the court of common pleas, and that the ordinance enacted is therefore void.[11] In addition, we hold that the court approval required in such cases under Section 1704 is not satisfied by the court's review of prior Borough action under an abuse of discretion standard. We therefore remand the case to the court of common pleas for a hearing *de novo* relating to whether the court should approve the Borough's proposed vacation of Creek Road.[12]

---

[11] Because of the resolution of this case, we do not reach Appellant's additional arguments that the proposed vacation was not reasonable in that it created a threat to residents' safety and well-being, and that the vacation impermissibly disposed of a public right for use by private individuals.

[12] We recognize that, as the Borough notes, the parties have already had the opportunity to present evidence at the hearing before the Borough Council. We emphasize, however, that it is the court of common pleas which must hear the evidence and decide the matter *de novo*. Of course, nothing will prevent the parties from introducing all or portions of the council hearing transcript into evidence when such is permitted under the applicable rules of evidence.

■■■■■■■■

### ORDER

Now, September 9, 1986, the Order of the Court of Common Pleas of Cumberland County, No. 858 Civil 1984, dated November 2, 1984, is hereby vacated and the matter remanded to said court for proceedings consistent with this opinion.

Jurisdiction relinquished.