621 A.2d 1043

**GLEN HOPE BOROUGH, Appellant,**

v.

**Robert KITKO and Kenneth Kitko, T/D/B/A Kitko Wood Products, Inc., Appellees.**

Superior Court of Pennsylvania.

Submitted Oct. 19, 1992.

Filed March 23, 1993.

John R. Carfley, Philipsburg, for appellant.

Girard Kasubick, Philipsburg, for appellees.

Before OLSZEWSKI, POPOVICH and MONTGOMERY, JJ.

MONTGOMERY, Judge.

The plaintiff-appellant, Glen Hope Borough, instituted the instant action in the Court of Common Pleas of Clearfield County, seeking to enjoin the defendant-appellees from making use of and asserting title to certain property which the plaintiff claimed as part of its own street system. The plain-

tiff requested that the court declare it to be the owner of the property. The trial court, in response to a pretrial motion for summary judgment by the plaintiff, rejected the defendants' contentions that they had a right to the land in issue based upon theories of abandonment or adverse possession. However, the trial court ruled that it would consider the defenses of estoppel and laches in its resolution of the case. A non-jury trial was held on those issues on July 24 and 25, 1990. By an order dated July 15, 1991, the trial court found in favor of the defendants and declared them to be the owners of the property. The trial court's basis for so ruling was its determination that the plaintiff Borough was guilty of laches, and, further, that defendants had established the defense of estoppel. Following the denial of posttrial motions, and the entry of judgment, the plaintiff filed the instant appeal.

The property in question is a 33 foot wide strip of land which bisects property which at all relevant times has been owned by the defendants and/or their predecessors in title. Prior to 1930, the disputed strip of land had been maintained as part of the state highway system, and comprised part of a highway known as State Route 234. In approximately 1930, the property was abandoned by the Commonwealth when the highway was relocated. Part of former Route 234 passed through Glen Hope Borough, and after its abandonment, became a part of the plaintiff's street system. The section in dispute in these proceedings is a part of what became known as East Main Street in the Borough. The Borough performed some maintenance functions in the 1950's, and again in 1969, on the part of East Main Street in dispute.

Since at least some time in the 1960's, the defendants have made increasing use of the part of East Main Street which bisected their land. They located a wood products business on their property, and erected and used buildings on both sides of the disputed strip. Moreover, as their business expanded over the years, they regularly used the property in question for loading and unloading vehicles, and blocked it in various ways by their usage. Further, they placed pipes along it and across it. Finally, although it has never been paved, they

regularly placed crushed limestone on it to maintain it for their use.

The defendants never obtained permission from the Borough for such uses of the former state roadway and Borough street. There is no dispute that the Borough never formally vacated the property. In fact, in 1971, the Borough instituted a criminal complaint against the defendants for violating a local ordinance by their obstruction of the street. Such criminal proceedings were never finally resolved and the presiding judge directed the parties to resolve their dispute through civil proceedings. No such civil proceedings were thereafter instituted by the plaintiff until the instant case was filed in 1987.

The defendants do not dispute the trial court's determinations that they could not have acquired title to the property in question by either adverse possession or under a theory of abandonment. However, they maintain that the trial court acted properly in resolving the title questions presented in this case when it ruled that they obtained their rights to the property as a consequence of the application of the doctrines of laches and/or estoppel.

The trial court ruled that laches was applicable because the plaintiff had failed to pursue any action to enforce its rights from 1971 until 1987, despite its knowledge that the defendants had regularly used the property as their own, and had maintained and made improvements to it throughout that time. It was the conclusion of the trial court that the doctrine of estoppel was applicable against the plaintiff because the plaintiff had taken no action despite having knowledge that defendants had taken control of the property, used it and maintained it, while expanding their business and integrating the property into it. The trial court found that there would be prejudice to the defendants if estoppel was not applied against the plaintiff in such circumstances.

In our review of the trial court's rulings, we are mindful that the relief sought by the plaintiff in this case was equitable in nature, and the trial court decided this case based

upon the equitable doctrines of laches and estoppel. In an equity case, a trial court's findings of fact, when approved by the court *en banc*, have the force and effect of a jury verdict and will not be disturbed on appeal if supported by adequate evidence. *Herwood v. Herwood*, 461 Pa. 322, 336 A.2d 306 (1975). This principle is equally applicable in situations in which a single judge, as opposed to a court *en banc*, reviews the case. *Gilmore v. Northeast Dodge Co., Inc.*, 278 Pa.Super. 209, 420 A.2d 504 (1980). However, the inferences and conclusions which are drawn from the facts, and the application of the law to such facts are always subject to review. *Adler v. Montefiore Hospital Association of Western Pennsylvania*, 453 Pa. 60, 311 A.2d 634 (1973), *cert. denied*, 414 U.S. 1131, 94 S.Ct. 870, 38 L.Ed.2d 755 (1974). In the instant case, we are constrained to find that the trial court committed an error of law.

In the case of *Fried–El Corporation v. Borough of Monroeville*, 81 Pa.Cmwlth. 493, 474 A.2d 713 (1984), an abutting landowner petitioned the trial court for the appointment of viewers to consider a request that a part of an abandoned state highway be vacated. After abandonment, the Borough of Monroeville had never maintained or used the property in question. The viewers filed a report concluding that the property belonged to the landowner and the matter was appealed to Common Pleas Court. The trial court determined that the property owner's petition for the appointment of a board of viewers was premature, and the court was without power to order the vacation of the property until the landowner followed the appropriate procedure and petitioned the municipality to vacate the street. The landowner appealed that decision, and also petitioned Monroeville Borough to vacate the property. After the borough council denied that request, the landowner sought relief again from the Court of Common Pleas. That court ruled that the council had abused its discretion in refusing to vacate the property. Monroeville's appeal from that decision was consolidated with the landowner's prior appeal. The Commonwealth Court considered the situation, including assertions by the petitioning landowner

that its claims to rights in the land could be based upon application of the doctrine of estoppel or on a theory of laches. The Commonwealth Court rejected such contentions in affirming the trial court's initial order. It pointed out that there was no authority to indicate that a borough may forfeit its interest in property by inaction, whether under a doctrine of estoppel or under a claim that laches should be applied. In the *Fried–El Corporation* case, the Commonwealth Court agreed with the trial court's conclusions that the property in question, which had formerly been a state road which had been abandoned, could not thereafter be given over to private interests without appropriate vacation proceedings before borough officials. If we were to find that the Clearfield County Court had ruled correctly in this case in applying the doctrines of laches and estoppel, we would, in essence, be permitting a vacation of the property to the defendants without the required formality of appropriate vacation proceedings. As discussed by the Commonwealth Court in its *Fried–El Corporation* decision, there is no authority for doing so.

As noted above, the defendants do not contend that they could have gained any rights to the land in dispute by a claim of title by adverse possession. In that regard, see *Commonwealth, Department of Transportation v. J.W. Bishop & Company Inc.*, 497 Pa. 58, 439 A.2d 101 (1981). In *Williamstown Borough Authority v. Cooper*, 404 Pa.Super. 516, 591 A.2d 711 (1991), allocatur granted, 529 Pa. 651, 602 A.2d 861 (1992), our court reviewed an appeal in an ejectment action brought by a municipal authority. The defendants owned land which allegedly encroached upon land which contained a piping system of the plaintiff. The trial court concluded that the authority's request for ejectment was barred by the doctrine of laches. In reversing the judgment of the trial court, our court explained that there was no reason why the doctrine of laches should succeed where an analogous claim of adverse possession against the governmental entity would fail. Our court recognized that the defense of laches should not be considered superior to the application of rules relating to adverse possession, which would not permit one to take property rights from

a governmental entity. The same rationale is applicable in the instant case, and also supports a denial of any relief to the defendants on a theory of estoppel.

The trial court properly concluded that the defendants could gain no property rights to the part of the plaintiff's street in issue in this case through claims of abandonment or under the doctrine of adverse possession. However, the court erred in thereafter determining that the plaintiff could lose its rights and the defendants would gain an ownership interest in the land as a result of either laches or a theory of estoppel. We find that plaintiff Glen Hope Borough was entitled to its requested relief. The defendants should have been enjoined from their use of the land in issue, and a declaration should have issued that the plaintiff was entitled to title and possession of the land.

The judgment of the trial court is vacated and this case is remanded for entry of judgment consistent with this Opinion. Jurisdiction is not retained.