# Maust, Appellant, v. Pennsylvania & Maryland Street Railway Company.

*Street railways—Consent of owner—Construction of road—Notice—Laches—Injunction—Equity.*

Where a landowner by words and deeds, not in express language or specific acts, but in effect consents to the grading of a line of street railway and the laying of the track thereof over a public highway on which his lands abutted, and makes no objection to its construction, he is guilty of such laches as will prevent him from maintaining a bill in equity to compel the line to be torn up and its operation enjoined.

In such a case, evidence to the effect that the complainant said to the general manager of the defendant company when the latter was looking over the proposed route "I know where you want to go, and

go ahead, and I will see you in a few days," is sufficient to base a finding that the complainant had in fact consented to the construction of the railway over the proposed route.

Where street railway companies have been permitted to proceed in the construction of their lines by abutting property owners, or township officers, and large sums of money have been expended thereon, it would be inequitable and unjust to compel the lines to be torn up or their operation enjoined at the instance of a party who either gave his written or oral consent, or who stood by and said nothing while the work of construction was going on and the expenditures were being made.

Argued Nov. 8, 1907. Appeal, No. 203, Oct. T., 1907, by plaintiff, from decree of C. P. Somerset Co., Equity Docket, 1906, No. 14, dismissing bill in equity in case of Samuel P. Maust v. Pennsylvania & Maryland Street Railway Company. Before Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Bill in equity for an injunction.

From the record it appeared that plaintiff owned twenty-six acres of land in Elklick township which abutted upon one side and at other places on both sides of a public highway.

Kooser, P. J., found as follows as to the plaintiff's knowledge of the location and construction of the railway :

6. That on the last of September, 1906,—perhaps the last day of September—in the progress of its work from the borough of Salisbury toward the borough of Meyersdale, the defendant company by its agents and employees, having proceeded regularly from the borough line of Salisbury, a distance of about two miles, entered upon the said township road in Elklick township, where plaintiff's property abuts on both sides of said road, and began the work of grading its roadbed without the consent of plaintiff first had in writing or without specific verbal consent, first obtained, but with the knowledge of the plaintiff and without his objection or protest.

7. That the plaintiff resides along the route of the defendant company's road between Salisbury borough and Meyersdale borough and about two miles from Salisbury borough where Harvey H. Maust, the defendant's general manager, and John M. Wright, the defendant's assistant manager, both

reside; that the plaintiff knew for at least thirty days prior to the time the defendant commenced work on that portion of its road located upon and over his lands, that it was the intention of the defendant company to build upon and over the land complained of and described in the plaintiff's bill. Yet, notwithstanding such knowledge on his part, the plaintiff made no objection until the defendant had laid out large sums of money in the construction of its road.

Before the bill was filed, the road was graded, ties laid and the rails in place, but not all spikes driven, and poles were erected over the said Maust land.

8. That at and before the last day of September, 1906, there were, and yet are two corporations, the defendant company, and the Meyersdale & Salisbury Street Railway Company, each claiming a charter route between Meyersdale and Salisbury, with surveyed routes on opposite sides of the river near this farm of plaintiff, and that between the date of the beginning of the survey of defendant's route and October 3, 1906, with knowledge of defendant's location, its charter and of its operations, the plaintiff told officers of defendant company that he did not know if he had any objections to the building of defendant's road, but would let them know within a few days; that he entered no objections earlier than October 3 (the notice yet to be found), but told officers of the road after the survey was completed that it made no difference to him which company built the road just so a trolley road was built; that he would like to see it built, no matter which company built it. Plaintiff's bill was not filed until defendant's grading was completed from Salisbury borough to Meyersdale, a distance of about five and one-half miles, December 5, 1906.

9. That the plaintiff consented to the entry by defendant upon the road in question at the place complained of, and by his words, acts and laches led the defendant to entry upon the road at said point, and induced it to lay large sums of money and contract still larger obligations by his said words, acts and laches.

A decree was entered dismissing the bill.

*Error assigned* was the decree of the court.

*J. G. MacConnell* and *W. H. Koontz*, with them *Samuel J. Graham*, *A. C. Holbert*, *J. G. Ogle* and *H. H. Berkeley*, for appellant.—In the light of the foregoing facts this case is ruled by Hannum v. Media, M. A. & C. Electric Ry. Co., 200 Pa. 44, and Penna. R. R. Co. v. Turtle Creek Valley Electric Ry. Co., 179 Pa. 584.

The defendant, it must be admitted, had invaded the plaintiff's rights in an illegal and unauthorized manner, and when private rights have been invaded in an unlawful manner by a corporation the court will inquire into and pass upon the legal status of the latter and its right to do the act complained of : Germantown, etc., v. Citizens' Ry. Co., 151 Pa. 138 ; Edwards v. Pitts. Junc. R. R. Co., 215 Pa. 597 ; Hannum v. Media, M. A. & C. Electric Ry. Co., 200 Pa. 44.

*Ernest O. Kooser*, with him *J. A. Berkey*, *C. L. Shaver* and *Edmund E. Kiernan*, for appellee.—The bill was properly dismissed : Heilman v. Street Ry. Co., 175 Pa. 188 ; Becker v. Street Ry. Co., 188 Pa. 484 ; Penna. R. R. Co. v. Montgomery County Pass. Ry. Co., 167 Pa. 62 ; Messner v. Lykens, etc., Street Ry. Co., 13 Pa. Superior Ct. 429 ; Shimer v. Easton, etc., Street Ry. Co., 7 Northampton, 249.

OPINION BY MR. JUSTICE ELKIN, January 6, 1908 :

Maust, the appellant, an abutting property owner, has filed this bill to enjoin the defendant company from laying down or placing ties and rails or constructing its track upon the township road running through his farm. After a full hearing the preliminary injunction was dissolved, and a decree entered dismissing the bill. The learned court below based its decree upon the ground that appellant by words and deeds, not in express language or specific acts, but in effect, consented to the grading of the line and the laying of the track over the public highway and through the abutting lands of appellant. It is further held that appellant was guilty of laches under all the circumstances of the case, and could not in good conscience ask a court of equity to protect him in the enjoyment of a legal right when he himself had consented to, or acquiesced in, the construction of the line of street railway over the highway through his property. It is true no consent

in writing, or in express words, was given, and there is a conflict of testimony as to what was said and done by appellant when the agents or representatives of the appellee company made the survey, and subsequently came upon his lands to grade and construct the line. As to findings of fact we are confronted with the rule that they come before this tribunal with the force and effect of the verdict of a jury, and will not be disturbed unless for manifest error. Under the settled rule it is not sufficient to say that if the testimony had been before us in the first instance we might have found differently : Plankington's Estate, 212 Pa. 235. The learned court below saw the witnesses, heard their testimony, observed their manner, was familiar with the whole situation and the circumstances which surrounded it, and was in better position to correctly ascertain and determine the facts than we are. This court would not be justified in reversing a finding of fact unless there was clear error : Lazarus's Estate, 142 Pa. 104. In this connection the testimony of Wright, an assistant manager, cannot be overlooked. He testified that when the survey was being made, while appellant and the general manager were looking over the proposed route, Maust said : " I know where you want to go and go ahead, and I will see you in a few days." This testimony is substantially corroborated by two other witnesses and by other circumstances in the case, and in our opinion is sufficient to justify the findings of the court below on this question.

Again it must not be overlooked, that appellant has come into a court of equity to seek its aid by injunction, which is of grace and not of right. The prayer in every such bill is to the conscience of a chancellor. As a general rule relief will not be granted where the benefit to the complainant is entirely disproportionate to the injury complained of, Becker v. Street Railway Company, 188 Pa. 484 ; or where there is an adequate remedy at law or where the party seeking redress has placed himself in such a position that to grant his request would work an injustice to the other party whom he has led to believe could do the particular thing which he now undertakes to restrain. An injunction will not be issued when upon a broad consideration of the situation of all the parties in interest, good conscience does not require it : Messner v. Railway

Co., 13 Pa. Superior Ct. 429. Where street railway companies have been permitted to proceed in the construction of their lines over highways by abutting property owners, or township officers, and large sums of money have been expended thereon, it, would be inequitable and unjust to compel the lines to be torn up or their operation enjoined at the instance of a party who either gave his written or oral consent, or who stood by and said nothing, while the work of construction was going on and the expenditures were being made. On this question see Pennsylvania Railroad Company v. Montgomery County Passenger Railway Company, 167 Pa. 62. These companies are local modern conveniences and their extension through rural communities in recent years has been of great benefit to the public generally, and to abutting property owners in particular. The interest of the public must be taken into consideration by a chancellor when passing upon the equities and legal rights of the parties involved in the controversy: Heilman v. Street Railway Company, 175 Pa. 188. Of course, street railway companies, like all other corporations, only possess such privileges and powers as are conferred upon them by the acts of assembly under which they are incorporated. They are required to assert their charter rights in an orderly and lawful manner. They cannot violently take possession of public highways or private property and appropriate either or both to their corporate use. They should always secure the consent of township officers and private landowners in advance of the work of construction. If, however, an abutting landowner says to an agent in charge of construction, or of the survey, " You go ahead and construct your lines, I will see you later," or by other words and deeds consents to such construction over his lands, or if he sits by while the grading is being done and track laid, saying nothing, and by his acquiescence leads the company to believe that he has given his consent, he will not be permitted after all this work has been done and expenditures incurred, to come into a court of equity and secure through its processes the enforcement of a supposed legal right. In such a case he will be remitted to an action at law for the recovery of such damages as he may have sustained.

Decree affirmed at cost of appellant.