Carl Caporali and Kathy L. Caporali, his wife, Appellants *v.* Jack Ward, Edward Mikolas and Clark Montgomery, Members of the Winfield Township Zoning Hearing Board, Appellees.

Argued March 15, 1985, before Judges CRAIG, BARRY and COLINS, sitting as a panel of three.

622

*Robert J. Stock,* for appellants.

*Richard W. Givan,* for appellees.

Opinion by Judge Barry, June 3, 1985:

This is an appeal from an order of the Court of Common Pleas of Butler County upholding a decision of the Winfield Township Zoning Board (Board).

Appellants, Carl and Kathy Caporali, are the next door neighbors of Patrick and Noreen Real who are not direct parties to this appeal.[1] On October 23, 1980, the Reals purchased a house with a barn situated on eight acres of land in Winfield Township. The property is located in an area which was entirely farmland until it was zoned residential in 1970. Because their children suffer from severe food allergies, the Reals were interested in buying a home in an area where they would be able to raise farm animals and grow

[1] The record shows that, pursuant to Section 1008(3) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11008(3), appellants gave notice to the Reals of their appeal from the Board's decision. The Reals apparently chose not to intervene.

their own food. Seeking assurance that this particular property could indeed be used in this manner, they consulted the Winfield Township Zoning Officer who, in turn, advised them to get a ruling from the Winfield Township Planning Commission (Planning Commission). At a meeting held on September 2, 1980, the Planning Commission granted the Reals permission to keep certain farm animals on the property. This decision was based on a continuing non-conforming use theory.

Shortly thereafter the Reals purchased the property and moved in with their farm animals. Almost a year later, appellants complained to the township supervisors about the smell emanating from the Reals' property and an increased number of flies. An investigation ensued and, on April 27, 1982, the zoning officer ordered the Reals to remove all their animals, except four chickens. The Reals filed an appeal with the Board. Appellants also appealed the action allowing the four chickens.

The Board found that the present agricultural use was merely a continuation of farming operations which had been carried out on the property for the last fifty years and it, therefore, upheld the non-conforming use which had been found by the Planning Commission. This decision was appealed and because the trial court received additional evidence, it decided the case de novo. In reaching its decision, the Board had credited the testimony of several witnesses who stated that prior owners had farmed the land and maintained livestock on it until 1979. During the hearing before the trial court, however, appellant introduced into evidence a deposition by Mrs. Heim, the prior owner,[2]

---

[2] Testimony by the prior owners had not been available to the Board due to the fact that Mr. Heim died in 1979 and Mrs. Heim moved to Florida shortly after selling the house.

which clearly established that the non-conforming farm use had ceased, at a minimum, for a period in excess of two years.[3] Mrs. Heim testified that there had been no livestock on the property since the early 1970's. She explained that she did own two chickens for a very short time but they were kept in the house as pets. Based on this testimony, the trial court held that a non-conforming use had not been established. However, the trial court also held that the Reals were entitled to continue their farm use of the land based on the existence of a non-conforming use by equitable estoppel. This appeal followed.

In a zoning case where the trial court takes additional evidence and decides the case de novo, our scope of review is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Immordino v. Zoning Hearing Board of Morrisville Borough,* 65 Pa. Commonwealth Ct. 79, 441 A.2d 818 (1982).

Appellants argue that the Planning Commission's erroneous decision does not confer any rights upon the property owners. In support of this argument, appellants cite decisions where this Court has held that an illegally issued permit confers no vested rights. *Garnick v. Zoning Hearing Board of Bridgeton Township,* 58 Pa. Commonwealth Ct. 92, 427 A.2d 310 (1981); *Appeal of Donofrio,* 31 Pa. Commonwealth Ct. 579, 377 A.2d 1017 (1977). However, we find this situation more closely analogous to the line of cases where

---

[3] Section 40.400 of Winfield Township Zoning Ordinance No. 380, provides in part as follows:

If any such use of land or use of land and structures in combination ceases or is abandoned for any reason including destruction of buildings, for a period of at least two (2) years, any subsequent use of such land, or land and structures in combination, shall conform to the regulations for the zone district where such land is located. . . .

we have prevented municipalities from enforcing their ordinances based on the concept of estoppel.

These cases have generally arisen out of situations where the municipality has, for a considerable period of time, acquiesced in an illegal use. Although municipal inaction alone is clearly not sufficient, *Lennox v. Zoning Board of Adjustment of Pittsburgh,* 67 Pa. Commonwealth Ct. 417, 447 A.2d 1049 (1982); *Ignelzi v. Zoning Board of Adjustment of Pittsburgh,* 61 Pa. Commonwealth Ct. 101, 433 A.2d 158 (1981), "[w]here municipal inaction is compounded by facts which create a strong equity in the owner, the decision of the Supreme Court in Sheedy v. Philadelphia Zoning Board of Adjustment, 409 Pa. 655, 187 A.2d 907 (1963), indicates that relief is possible." R. Ryan, Pennsylvania Zoning Law and Practice, §8.3.5 (1970). Relief in these cases has been granted through the use of a concept known as "variance by estoppel."

Although we have used this term on several occasions, there has yet to emerge a clearly defined test to help us determine under which circumstances this doctrine should be applied. A review of the case law indicates, however, that the following elements are indispensable: 1) municipal failure to enforce the law over a long period of time or some form of "active" acquiescence of the illegal use; 2) good faith throughout the proceedings by the property owner; and 3) innocent reliance evidenced by substantial expenditures. *Sheedy; Lebovitz v. Zoning Board of Adjustment of Pittsburgh,* Pa. Commonwealth Ct. , 486 A.2d 1061 (1985); *Knake v. Zoning Hearing Board of Dormont,* 74 Pa. Commonwealth Ct. 265, 459 A.2d 1331 (1983).

There is, of course, no question that the municipality in this case did much more than acquiesce in the Reals' agricultural use of their property. It was the municipality itself, through the Planning Commission,

which specifically granted them permission to use the property in this manner. Also, despite allegations by the appellants challenging the Reals' good faith, the trial court found that they displayed exemplary good faith throughout the proceeding. As fact finder, the trial court also determined that the Reals relied on the Planning Commission's decision when they purchased the property and made substantial improvements thereon. Lastly, the trial court noted that this decision does not leave appellants without a viable remedy. If the agricultural use should prove to be harmful, the appellants, along with all the other neighbors, have the option to file a nuisance action.

We conclude that the facts in the case presently before us create a strong equity in favor of the property owner and the trial court was correct in granting them relief by finding that they established a "nonconforming use by equitable estoppel."

### ORDER

Now, June 3, 1985, the order of the Court of Common Pleas of Butler County, dated November 8, 1983, at A.D. No. 82-613, Book 122, Page 291, is hereby affirmed.