522 A.2d 673

Center Township *v.* The Zoning Hearing Board of Center Township.

Glenn Felsing *v.* The Zoning Hearing Board of Center Township. Glenn Felsing, Appellant.

Argued November 17, 1986, before Judges MAC-PHAIL, DOYLE and COLINS, sitting as a panel of three.

488

*Lawrence P. Lutz*, with him, *Alexander H. Lindsay, Jr., Lindsay & Lutz, P.C.*, for appellant.

*Charles F. Flach, III, Murrin, Taylor, Flach & Horan*, for appellee, Center Township.

OPINION BY JUDGE DOYLE, March 10, 1987:

Glenn Felsing has appealed from an Order of the Court of Common Pleas of Butler County, which reversed the decision of the Center Township Zoning Hearing Board (Board) and denied Felsing a variance by estoppel.

The facts are not in dispute. Felsing purchased ten acres of land in Center Township (Township) from Albert McCandless, who was a Township Supervisor at the time. Felsing, after purchasing the land, asked McCandless what uses were legal, and McCandless indicated that basically any use was legal. On May 1, 1971, the Township's zoning ordinance became effective and placed Felsing's property in an R-1 residential district. On or about May 29, 1971, Felsing was issued a building permit for a residential building, which was built on the tract in 1973. Shortly thereafter, Felsing began machining gun parts in the basement of his home for his off-premises gun shop. In 1974, while negotiating with McCandless for the purchase of an additional four

acres of land, Felsing again asked McCandless about the uses permitted and, specifically, whether he could operate a machine shop. Again McCandless assured Felsing that such use was legal. In late 1975 or early 1976, Felsing went out of the gun business and began to operate a machine shop full-time in his home. In 1978, he applied for a building permit to erect a garage on the premises. The use listed on the building permit was a residential garage.[1] Shortly after the construction of the garage, Felsing began moving his equipment into it and it is now used to house a machine shop, which is Felsing's full-time business.

In October 1982, the Township passed an ordinance requiring home occupation permits. Felsing applied for a permit in December 1982 and was informed by letter dated July 13, 1983 from the Township's zoning officer that his machine shop use was in violation of the zoning ordinance, that he did not qualify for a home occupation permit, and that he had thirty days to terminate his operation or to relocate it.

Felsing appealed to the Board. Following a hearing, the Board issued a decision overruling the zoning officer's decision and concluding that Felsing had a legal right to maintain his machine shop at its present location "due to circumstances present at the time of its inception." The Board also set two conditions on Felsing's continued use of the premises as a machine shop, notably, that the business could not expand beyond its present physical location, and that the business could

---

[1] The building permit contains a checklist of uses and we note that while Felsing checked the box indicating a residential garage, he could have checked a box marked either non-residential industrial or non-residential other. We also note that under non-residential, the form requests that the applicant "describe in detail proposed use of buildings, *e.g.*, food processing plant, *machine shop*, laundry building, hospital. . . ." (Emphasis added.)

not be sold at its present location to anyone other than a member of Felsing's immediate family.

Both the Township and Felsing filed appeals to the Court of Common Pleas of Butler County. The Township appealed on the ground that Felsing was not entitled to continue his machine shop in an R-1 district; and Felsing appealed on the ground that the conditions imposed on his use were invalid. By order dated September 3, 1985, the court reversed the decision of the Board and held that Felsing did not prove the elements necessary for a variance by estoppel and therefore had no right to continue his machine shop in its present location. On September 17, 1985, Felsing filed a motion for post-trial relief to the court's order. The Township filed a motion to quash.[2] On September 30, 1985, the trial court granted Felsing's motion for a stay of its September 3, 1985 order pending resolution of Felsing's post-trial motion. By order dated November 27, 1985, the trial court denied the Township's motion to quash, stating that a court of common pleas may permit or require exceptions to be filed in a zoning case, and denied Felsing's exceptions on the merits.

On appeal here we must first deal with a jurisdictional matter. An appeal to our Court must be filed within thirty days of the final decision of the court of common pleas.[3] Felsing did file his appeal to this Court within thirty days of the court of common pleas' order of November 27, 1985 denying his exceptions, but did not

---

[2] The Township's motion to quash was ambiguous. It might have been that the Township was attempting to raise the issue of the lower court's jurisdiction to hear a motion for post-trial relief, i.e., whether exceptions are proper in a zoning case. We note, however, that neither party raised the jurisdictional issue on appeal and that at argument before this Court, neither party seemed to be aware of the problem. See infra note 4.

[3] Pa. R.A.P. 903(a).

file it within thirty days of that court's original order dated September 3, 1985. We dealt with the problem of whether filing exceptions will extend the period of time in which an appeal can be filed in a zoning case in *Borough of Ligonier v. Holy Trinity Housing, Inc.*, 64 Pa. Commonwealth Ct. 541, 441 A.2d 479 (1982). In that case we held that because exceptions may not be filed to a court's order in a zoning case unless there is a specific local rule which provides for this procedure leading to a decision by a court *en banc*, the filing of exceptions in the absence of such a rule does not toll the time limitation in which an appeal must be filed with our Court. *See also C.B. Co. v. Rostraver Township Zoning Hearing Board*, 49 Pa. Commonwealth Ct. 204, 410 A.2d 1298 (1980). In the instant case there appears to be no local rule requiring or permitting the filing of exceptions in a zoning case, nor was the decision to deny Felsing's exceptions a decision of the court *en banc*. It further appears, however, that the Butler County Court of Common Pleas does require exceptions to be filed as a local practice[4] and we feel that since the court of common pleas issued a stay of its September 3, 1985 decision on September 30, 1985, pending resolu-

---

[4] It would appear that there is no written and promulgated local rule of court in Butler County either requiring or permitting a motion for post-trial relief from an order of the court in a zoning appeal. If there be such a rule, pursuant to Pa. R.C.P. 239 it is required that it be in writing and published in the Pennsylvania Bulletin. No such rule was ever published. Because this matter is jurisdictional this Court will no longer assume, even in the absence of it being made an issue by the parties, that the Court of Common Pleas of Butler County has such a local rule. *See Allegheny Valley School v. Zoning Hearing Board of Slippery Rock Borough*, 102 Pa. Commonwealth Ct. 290, 292 n.2, 517 A.2d 1385, 1386 n.2 (1986); *Coretsky v. Board of Commissioners of Butler Township*, 103 Pa. Commonwealth Ct. 28, 29 n.1, 519 A.2d 571, 571 n.1 (1987).

tion of Felsing's post-trial motions, Felsing was lulled into believing that his post-trial motion was proper. The issuance of this stay can be considered a breakdown in the operation of the court, *see Western Pennsylvania Water Co. v. Board of Property Assessment Appeals and Review,* 63 Pa. Commonwealth Ct. 472, 439 A.2d 1259 (1981), and since Felsing filed his appeal to our Court on December 6, 1985, within a week of receiving the final decision of the court of common pleas in the matter, we will hear his appeal *nunc pro tunc.*

Felsing contends that the court of common pleas erred in not affirming the Board's determination[5] that he was entitled to continue his use because he met the elements of a variance by estoppel. We disagree. While we do not necessarily agree with the court below that McCandless, a Township Supervisor, was merely a ministerial officer and that Felsing could gain no vested right by relying on his word, we do agree with the court that Felsing did not meet the first· of the three elements necessary for a variance by estoppel set forth in *Caporali v. Ward,* 89 Pa. Commonwealth Ct. 621, 493 A.2d 791 (1985). These elements are:

> 1) municipal failure to enforce the law over a long period of time or some form of 'active' acquiescence of illegal use;
>
> 2) good faith throughout the proceedings by the property owner; and

---

[5] The Board merely wrote that it concurred with Felsing that he had a legal right to maintain his machine shop at its present location "due to the circumstances present at the time of its inception." Since the Board failed to make findings relevant to the issue, the court below did so pursuant to Section 1010 of the Pennsylvania Municipalities Planning Code, Act of June 1, 1972, P.L. 333, *as amended,* 53 P.S. §11010. Therefore, our scope of review is limited to a determination of whether the court's findings of fact are supported by substantial evidence or whether there has been an error of law.

3) innocent reliance evidenced by substantial expenditures.

*Id.* at 625, 493 A.2d at 793-94. Felsing contends that the Township failed to enforce the law for seven years and that it actively acquiesced to the illegal use since McCandless, while a Township Supervisor, knew about the machine shop and because in 1981 the Township hired him, Felsing, to make a shaft for a Township truck. While these facts are not in dispute, Felsing has not established when McCandless knew that a *full-time* machine shop was being operated on the premises, rather than a work shop where Felsing originally did some of his work at home, or whether McCandless knew of the extent of the operation while he was still a Township Supervisor. Even if McCandless knew of the illegal use, we cannot impute his knowledge to the Township. McCandless was only one of three Township Supervisors and he had an apparent self-interest in telling Felsing that he could use the land in any way he wanted. It was incumbent upon Felsing to find out what the zoning law was; the zoning ordinance and map were certainly available to him.

As for the work Felsing did for the Township, there is no evidence that the Township knew where the work was done. The testimony established that no signs, no noise and no off-street trade indicated the presence of a machine shop on the premises; and the testimony does not indicate whether the shaft was picked up from Felsing's home or from his garage machine shop. The evidence is simply insufficient to establish that the Township had notice of Felsing's operation.

Since Felsing failed to show that the Township knew of his illegal use and did not enforce the law, he failed to establish a right to continue his use. The court below correctly stated that mere delay in enforcement of a zoning ordinance does not create a vested right to use

property in violation of zoning regulations. *Marzo v. Zoning Hearing Board of Abington Township,* 30 Pa. Commonwealth Ct. 225, 373 A.2d 463 (1977). The Township must know that the illegal use exists and fail to enforce the law. *Lebovitz v. Zoning Board of Adjustment of Pittsburgh,* 87 Pa. Commonwealth Ct. 200, 486 A.2d 1061 (1985).

We therefore affirm the order of the Court of Common Pleas of Butler County.

ORDER

NOW, March 10, 1987, the order of the Court of Common Pleas of Butler county in the above-captioned case, is hereby affirmed.