543 A.2d 246

Paul E. Kolesar *v.* The Zoning Hearing Board of The Borough of Bell Acres and John Schwartz. John Schwartz, Appellant.

Argued March 22, 1988, before Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*Frederick A. Boehm*, with him, *Patrick J. Clair, Goehring, Rutter & Boehm*, for appellant.

*Joseph Sabino Mistick, Mistick & Sittig*, with him, *John Tumolo*, for appellee, Paul E. Kolesar.

OPINION BY JUDGE CRAIG, June 24, 1988:

John Schwartz appeals an order of the Court of Common Pleas of Allegheny County reversing a decision of the Zoning Hearing Board of Bell Acres Borough that granted John Schwartz's request for a variance to continue operation of his automobile repair and towing business. We reverse.

The relevant facts as found by the Board are as follows:

1. Applicant, John Schwartz, operated an auto repair and towing business from a garage adjacent to his residence, on property across Camp Meeting Road from his present location, from 1957 to 1972. Bell Acres Borough, then Sewickley Township, had no zoning regulations in 1957.

2. John Schwartz and his wife, in 1972, acquired a 19-acre tract of land fronting on Camp Meeting Road on which they constructed a

single family dwelling and attached double garage.

3. On August 23, 1972, John Schwartz applied for and was issued by the Borough Building Inspector a Building Permit for construction of a 30 foot x 30 foot garage considerable distance behind the new home and garage serving same, and approximately 100 yards from Camp Meeting Road, the basic shell costing about $3,000.

4. On May 27, 1980, John Schwartz applied for and was issued by the Borough Building Inspector a Building permit for a 32 foot x 32 foot extension to the garage at an estimated cost of $8,000.

5. Applicant, John Schwartz, has continuously operated an auto repair and towing business from the aforementioned garage building.

6. At the time both permits were issued, the subject property was classified as 'R-1 Residential' under the Borough Zoning Ordinance.

. . . .

8. The business is objectionable to only one neighbor in the immediate vicinity.

9. A next-door neighbor and others living in the immediate vicinity testified that they had no objection to the business because of the neat, quiet, and clean manner in which it was operated.

10. Two residents directly across the road testified that they were unaware for years that a business was being conducted on the premises.

. . . .

12. Applicant has never been charged with any violation of the zoning ordinance by the borough since he began his business operation in his new location in 1972.

On May 2, 1984, the board issued a written decision granting Mr. Schwartz's variance. The board summarized its findings by stating that:

[T]he applicant, in good faith, applied for building permits, received them from an agent of the borough, expended a substantial sum of money in reliance thereon, and received municipal consent informally, or tacitly by its inaction. Further, the overwhelming testimony is to the effect that the applicant's entire property is attractive and well maintained and that the business is by no means unsightly, so that its continuation is not contrary to the public health, safety, morals and general welfare of the community.

The board's decision limited the variance personally to Mr. Schwartz and ordered that the variance terminate in the event Mr. Schwartz ceased his business activity. An objector, Mr. Kolesar appealed to the Court of Common Pleas of Allegheny County, which considered the matter without taking any additional evidence.

Our Supreme Court set forth in *Highland Park Community Club of Pittsburgh v. Zoning Board of Adjustment of Pittsburgh*, 509 Pa. 605, 506 A.2d 887 (1986), five criteria to be considered in determining whether a permit holder has acquired a "vested right" in his permit:

1) his due diligence in attempting to comply with the law;

2) his good faith throughout the proceedings;

3) the expenditure by him of substantial unrecoverable funds;

4) the expiration without appeal of the period during which an appeal could have been taken from the issuance of the permit;

5) the insufficiency of the evidence to prove that individual property rights or the public

health, safety or welfare would be adversely affected by the use of the permit

*Highland,* 509 Pa. at 612-613, 506 A.2d at 891 (quoting *Petrosky v. Zoning Board Upper Chichester Township,* 485 Pa. at 507, 402 A.2d at 1388).

The trial court agreed with the board's determination that Mr. Schwartz adequately satisfied the above-listed factors 3, 4 and 5, needed to establish a vested right. However, the court expressly questioned the "good faith" of Mr. Schwartz.

The trial court reversed the board on the ground that Mr. Schwartz had failed to satisfy the elements required to establish the existence of a vested right.

Because the trial court did not receive additional evidence, our scope of review is restricted to determining whether the board committed a manifest abuse of discretion or an error of law. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

The issue for our determination is whether the board erred or abused its discretion in concluding that Mr. Schwartz exercised due diligence and good faith as well as whether substantial evidence supports the board's findings of due diligence and good faith.

The evidence supports the board's view that Mr. Schwartz diligently and consistently attempted to comply with the law. Our review of the record reveals that on two separate occasions Mr. Schwartz applied for and received a building permit: first, on August 23, 1972, to construct a garage, and then eight years later, on May 27, 1980, for purposes of expansion to the existing garage. On direct examination, Mr. Schwartz testified:

Q. Mr. Schwartz, the time you made application for these existing permits, marked Exhibit A and B, did you explain to the building inspector, Mr. Montgomery, what use you wanted to make of the property?

A. Yes.

On cross-examination, Mr. Schwartz stated:

Q. When you filed for a building permit, did you intend at that time to use the structure for an auto-repair business?

A. Yes.

Q. Did you ever represent to any borough official that this building was to be used for agricultural purposes?

A. No.

Therefore, the issuance of the two permits, coupled with Mr. Schwartz's reliance on those permits, support the board's conclusion that he exercised due diligence in an attempt to comply with the law.

Mr. Kolesar argues that Mr. Schwartz has consistently failed to disclose the intended use of his property. However, as the appellee's brief states, "In fact, the first building permit was issued for a 'garage.' " The zoning ordinance of the borough defines garage as "a *building* or portion thereof, used for the storage *and/or service* of motor vehicles." Bell Acres Borough Zoning Ordinance, art. II, §202. (Emphasis added.) Therefore, Mr. Schwartz's representation to the borough officials that he intended to build a "garage" did not necessarily conceal his intent to service motor vehicles.

Moreover, the board's finding of good faith is supported by record testimony that Mr. Schwartz not only disclosed his intended use at the time of application for the first permit, but eight years later went back and applied for a second permit in order to comply with the law.

We conclude that Mr. Schwartz is entitled to a variance by estoppel because substantial evidence supports the board's view that Mr. Schwartz demonstrated due diligence and good faith throughout the proceedings and that Mr. Schwartz made substantial expenditures in

reliance on the building permits granted. *Caporali v. Ward,* 89 Pa. Commonwealth Ct. 621, 493 A.2d 791 (1985).

Therefore, the order of the trial court is reversed.

ORDER

Now, June 24, 1988, the order of the Court of Common Pleas of Allegheny County, dated March 9, 1987, is hereby reversed.