545 A.2d 965

Reginald L. Pawlowski, Trustee of Trust of Reginald L. Pawlowski and Loretta Pawlowski, husband and wife, Appellants *v.* Borough of Barnesboro, a municipal corporation, Appellee.

Argued May 23, 1988, before Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Suzanna M. Pawlowski,* for appellant.

*Christian. A. Fisanick,* with him, *Vasil Fisanick,* for appellee.

OPINION BY JUDGE BARRY, August 3, 1988:

Reginald L. Pawlowski, trustee of a trust of Reginald L. Pawlowski and Loretta Pawlowski, husband and wife, appeals an order of the Court of Common Pleas of Cambria County which sustained the preliminary objections of the Borough of Barnesboro (Borough) and denied his petition for the appointment of viewers.

On July 26, 1985, Pawlowski filed a petition for the appointment of viewers, alleging a de facto taking of his property by the Borough. The Borough filed preliminary objections alleging that no de facto taking had occurred. The trial court dismissed the preliminary objections. The Borough filed an appeal and we reversed, remanding for a hearing to determine if a de facto taking

had occurred. *Borough of Barnesboro v. Pawlowski,* 100 Pa. Commonwealth Ct. 94, 514 A.2d 268 (1986).

At the hearing, certain evidence was presented. The attached map, which is a survey prepared by the original landowner in 1915, has been reproduced to facilitate an understanding of the facts and will be referred to in the following recitation. Pawlowski's family purchased lots 25 through 42, inclusive, in 1936. Pawlowski testified that at the time his family acquired the property, the improved portion of Martha Street (which has been renamed 9th Street) ended at its intersection with Oak Street. Although the survey indicated that Martha Street continued past Oak Street, Pawlowski testified that no improved street existed.

In late 1957 and early 1958, Pawlowski and his wife (since deceased) built a house on lots 31-33. At that time, Martha Street was extended past Oak Street to the new house. Pawlowski paid for one-third of the cost of extending the street with the Borough paying the remainder. In 1959, Pawlowski and his wife purchased lots 17 and 18. In 1983, the Borough laid sewer lines under the entire length of 9th Street (formerly Martha Street), including the portion of the street which abuts lots 24 and 25.

The Borough presented testimony of various witnesses who agreed that the paving ends at the Pawlowski residence (at lot 31). The Borough also presented the testimony of Paul Toth, who was 79 years old at the time. Toth testified that he had lived in the area in question all of his life. He testified that he and other individuals used to walk on a path through the disputed grassy and wooded area.

Relying upon the testimony of Toth, the trial court held that Pawlowski had failed to prove the requisite twenty-one years of non use as a street. The court therefore held that Pawlowski failed to prove his owner-

ship of the property in question. As a result, the trial court did not reach the question of whether a de facto taking had occurred. This appeal followed.

Pawlowski argues that the trial court committed an error of law in concluding that the Borough's testimony was sufficient to prove that the area in question was used as a public street. We agree.

Following the dedication of a street, there must be an acceptance by the municipality or use by the public within twenty one years; otherwise, the land reverts to the abutting landowners. Act of May 14, 1915, P.L. 312.[1] Here, there was no evidence presented of any act by the Borough before or during the determinative year of 1936 which would even arguably have constituted an acceptance. Even "formal expressions of acceptance must generally be accompanied by the actual opening or use of the dedicated street." *Borough of Lehighton v. Katz*, 75 Pa. Commonwealth Ct. 388, 394, 462 A.2d 889, 892 (1983).

To sustain the trial court's order it would be necessary for us to hold that the public use of a foot path through woods and a grassy area constitues public use as envisioned by the Legislature. The Borough's brief cites no cases which hold that use such as Mr. Toth described constitutes public use *as a street* sufficient to prevent reversion to the abutting landowners. We believe the proper analysis is that used in cases involving the establishment of a street by prescription. In *Donahue v. Punxsutawney Borough*, 298 Pa. 77, 83, 148 A. 41, 43 (1929), the Court stated, "The only evidence of a road on the ground was wagon tracks. It was neither improved as a highway, had neither ditch, turnpike nor

---

[1] The 1915 Borough Code was replaced by the Borough Code of 1966, Act of February 1, 1966, P.L. (1965) 1956. Section 1724 of the 1966 Act, 53 P.S. §46724 is substantially the same as the 1915 Code for our present purpose.

fence, and that it was ever used at a greater width than for one wagon does not appear. Merely crossing a lot in going to or for a private residence, without more, would not create a public street by prescription; at most it would evidence a private right of way."

We believe that the occasional use described by Toth was insufficient to base a finding that the public has used the property to the extent that the "street" did not revert to the abutting landowners. *Compare Capozzi v. Cummins*, 191 Pa. Superior Ct. 500, 159 A.2d 536 (1960) (use of the questioned property was clearly as a public street). The occasional crossing of the property would not be sufficient to create a street by prescription; similarly, such crossings do not constitute the requisite "public use" as envisioned in the Borough Code of 1915.

As we believe the trial court committed an error of law in holding to the contrary, we have no choice but to remand for a second time. The trial court, believing that the Borough's testimony was sufficient to prove that Pawlowski did not own the property, failed to make any factual findings on the evidence concerning the question of whether a de facto taking had occurred. As we are not empowered with fact finding powers, a remand is necessary.

## ORDER

NOW, August 3, 1988, the October 15, 1987 order of the Court of Common Pleas of Cambria County at No. 1985-1957 is vacated and the matter is remanded for the court to make necessary factual findings and conclusions of law on the question of whether a de facto taking has occurred in this case.

Jurisdiction relinquished.

—PLAN OF LOTS—
—BOUGHER ADDITION TO BARNESBORO—
—Scale 1in=100ft —— October 19th 1915—
—Chas E. Schlusser Engr—