645 A.2d 437

**Kenneth M. LEININGER and Cynthia L. Leininger, his wife and William Pflugh and Elizabeth Pflugh, his wife, Appellants,**

v.

**Louis TRAPIZONA and Irene M. Trapizona, his wife, Richard T. Trapizona and Louis John Trapizona and Michael Allen Trapizona, a/k/a Michael Alan Trapizona and Township of Aleppo.**

Commonwealth Court of Pennsylvania.

Argued Feb. 28, 1994.

Decided July 6, 1994.

494

Robert J. Fall, for appellants.

John Michael Studeny, for appellees Trapizona and Nussbaum.

Vincent J. Restauri, Jr., for appellee, Tp. of Aleppo.

Before SMITH and NEWMAN, JJ., and KELTON, Senior Judge.

SMITH, Judge.

Kenneth M. and Cynthia L. Leininger and William and Elizabeth M. Pflugh (collectively Appellants) appeal from the August 27, 1992 final order of the Court of Common Pleas of Allegheny County which denied Appellants' motion for post-trial relief from the trial court's January 21, 1992 order denying Appellants' request for injunctive relief and enjoining them from interfering with the improvement and use of a road constructed by Louis and Irene Trapizona, Richard T. Trapizona, Louis John Trapizona, and Michael Allen Trapizona (collectively the Trapizonas). The issues raised on review are whether the public right-of-way to a road which was never opened or accepted by the municipality had been extinguished

by the passage of more than twenty-one years; whether the trial court erred in finding that Appellants consented to the opening of the road; and whether injunctive relief prohibiting the opening of the road is a proper remedy.

The road in dispute is a portion of a residential subdivision located within Aleppo Township (Township). The subdivision plan was recorded with the recorder of deeds on June 18, 1956. The Pflughs acquired two lots within the subdivision in 1973 and subsequently built a house on the property. The Leiningers purchased their home and lot in 1986. The road, as indicated on the subdivision plan, is fifty feet wide, over three hundred feet long, and runs east to west. The Leiningers' property abuts the north side of the road, while the Pflughs' property abuts the south side.

In March 1990, Louis John Trapizona and Michael Trapizona acquired land abutting the west side of the subdivision and road in question and subsequently conveyed portions of the property to Richard Trapizona. In February 1991, the Trapizonas recorded a subdivision involving their lands. The Trapizonas wished to construct two residences for their own use, but the land was effectively landlocked except for the road in question. In April 1990, Appellants were contacted by Richard Trapizona, who is also the Township's chief of police, and were told that the Trapizonas had purchased the abutting land and planned to construct a road to their property as set forth in the 1956 subdivision plan. The Appellants were soon thereafter contacted by Richard Trapizona along with Nicholas Veshio, the Township's public works supervisor, both of whom informed Appellants that the "paper road" between their properties was a public right-of-way and that the Trapizonas intended to open it to gain access to their property.

Richard Trapizona and Veshio both believed that the road remained a public right-of-way, although it is undisputed that the road had never been accepted or opened by the Township. Appellants expressed concern that construction of the road should comply with Township specifications and were assured that such specifications would be met. Appellants raised no objections regarding the Trapizonas' proposed building of the

road. From the spring of 1990 through late February 1991, the Trapizonas, in reliance on Appellants' representations, expended substantial time, money, and effort to perform work on the road and other necessary work, which included the clearing of timber, laying of the road bed, and grading of the road. Throughout the nine months that the Trapizonas worked on the road, Appellants constantly observed such work but never objected to the work or to the Trapizonas' right to use the road.

In late February 1991, Appellants first voiced an objection to the improvement of the road, although the objection was not regarding opening of the road, but instead involved the manner in which the road was being constructed. However, in March 1991, Appellants protested in writing to the Trapizonas and the Township that the representations by the Trapizonas and Veshio were erroneous and that Appellants objected to any use or improvement of the road. Appellants then filed a complaint seeking injunctive relief.

After hearings and testimony, the trial court found that in the spring of 1990, Appellants and the Trapizonas agreed that if the Trapizonas would improve the road in reasonable compliance with the Township ordinances, then Appellants would not object to the improvement and use of the road by the Trapizonas. The trial court concluded that because of the nine months during which the Trapizonas worked on the road and Appellants observed such work but never objected, Appellants' acquiescence in and approval of the work on the road constituted "consent" within the meaning of the Act of May 9, 1889, P.L. 173, No. 192, *as amended,* 36 P.S. § 1961 (Section 1961). As well, the trial court determined that Appellants failed to demonstrate that their oral agreement was based on a mutual mistake of fact; denied Appellants' request for injunctive relief; and enjoined them from interfering with the improvement and use of the road constructed by the Trapizonas. Nevertheless, as the Trapizonas had not fully complied with applicable Township ordinances regarding construction of the road, the trial court directed that the Trapizonas comply with such ordinances within a reasonable time. The trial

court denied Appellants' motion for post-trial relief, and Appellants appealed to this Court.

Appellants first argue that the public right-of-way was extinguished and title to the disputed road reverted to them since more than twenty-one years elapsed without the road being opened or used by the public. The trial court relied upon Section 1961, which provides:

> Any street, lane or alley, laid out by any person or persons in any village or town plot or plan of lots, on lands owned by such person or persons in case the same has not been opened to, or used by, the public for twenty-one years next after the laying out of the same, shall be and have no force and effect and shall not be opened, without the consent of the owner or owners of the land on which the same has been, or shall be, laid out.

It is undisputed that between the 1956 recording of the subdivision plan and 1990, the Township took no action to open the road.[1] The public's right to a portion of a subdivision reserved for a street is effectively foreclosed where the municipality does not use or open the street within twenty-one years of its dedication to the public. *Ferko v. Spisak*, 373 Pa.Superior Ct. 303, 541 A.2d 327 (1988), *aff'd*, 522 Pa. 503, 564 A.2d 157 (1989).

Where a municipality does not open the street within the twenty-one year period set forth in Section 1961, the abutting lot owners acquire the fee in the street to the center line. *Rahn v. Hess*, 378 Pa. 264, 106 A.2d 461 (1954). It is evident that the road's status as a public right-of-way was extinguished by the time of the events herein. However, while a public easement or right of use in such roads is lost as a result of the passage of time and lack of use, the purely private rights of easement of individual property owners in the

---

1. A street becomes public when it is (1) dedicated to public use and (2) accepted by the municipality: where lots are sold as part of a subdivision plan submitted to a governing body, the implication arises that the streets are dedicated to public use. *Nat'l Christian Conference Ctr. v. Schuylkill Township*, 142 Pa.Commonwealth Ct. 308, 597 A.2d 248 (1991), *appeal denied*, 530 Pa. 635, 606 A.2d 904 (1992).

plan of lots to use the road is not extinguished. *Riek v. Binnie*, 352 Pa.Superior Ct. 246, 507 A.2d 865 (1986); *Drusedum v. Guernaccini*, 251 Pa.Superior Ct. 504, 380 A.2d 894 (1977). Section 1961 is therefore inapplicable to a private contract between grantor and grantee. *Rahn.*

■ Nevertheless, the focal question addressed by the trial court in this instance was whether Appellants' acquiescence in and approval of the work on the road constituted "consent" within the meaning of Section 1961. Appellants argue that the trial court erred in finding that they consented to the opening of the road and contend that a review of the record shows that they were never requested to consent. Further, Appellants assert that to the extent there was consent, it was based upon a mutual mistake of material fact and therefore, the parties could not have reached an agreement.

The trial court properly determined that "consent" as set forth in Section 1961 should be liberally construed. *See* 1 Pa.C.S. § 1928(c). Although there is no dispute that Veshio and Richard Trapizona told Appellants that the Trapizonas had a right to open the road, their statements represented legal opinions. It is clear that neither the police chief nor the public works supervisor for the Township is qualified to give legal opinions in such matters. A similar situation was presented in *Center Township v. Zoning Hearing Board of Center Township*, 104 Pa.Commonwealth Ct. 487, 522 A.2d 673 (1987), in which this Court held that where statements were made by a township supervisor to a buyer of the supervisor's property that certain uses were legal, such statements cannot be imputed to the township because the supervisor was only one of three township supervisors and he had an apparent self-interest in telling the buyer he could use the land in any way he wanted. Moreover, this Court held that it was incumbent upon the buyer to find out what the law in fact is, especially where the applicable laws were available to the buyer. Therefore, Appellants did not reasonably rely upon

Veshio's and Trapizona's statements regarding the road.[2]

It is also not necessary that Appellants should have given their express consent for construction of the road. In *Maust v. Pennsylvania & Maryland St. Ry. Co.,* 219 Pa. 568, 69 A. 80 (1908), an abutting landowner sought to enjoin a railway company from constructing its track upon a township road running through the landowner's farm. The trial court dismissed the landowner's bill and the Pennsylvania Supreme Court affirmed, holding that where the railway company has been allowed to construct its lines without objection by the abutting landowners, and expended large sums of money in the process, the operation of the line will not be enjoined by one who either gave his consent or stood by and said nothing while the work was going on. The Court further noted that the landowner consented to, or acquiesced in, the laying of the track despite the fact that there was no consent in writing or in express words, and there was conflicting testimony as to the circumstances of the consent.

As found by the trial court sub judice, the Trapizonas expended substantial time, money, and effort to construct the road throughout nine months during which Appellants observed the work but never objected to it. Under the circumstances, the trial court properly determined that Appellants consented to construction of the road within the purview of Section 1961. Accordingly, the trial court's order is affirmed, and Appellants' remaining issue need not be addressed.[3]

**2.** As in *Center Township,* it was incumbent upon Appellants to find out what the law was. In addition, Appellants improperly paint the parties' incorrect assumption that the road was a public right-of-way as being a mutual mistake of fact: rather, the instant situation presents a mistake of law. In such instances, the Court will refuse relief where there is a pure mistake of law without moving equitable considerations. *Thrasher v. Rothrock,* 377 Pa. 562, 105 A.2d 600 (1954); *Villani v. Italian Workingmen Bldg. & Loan Ass'n,* 129 Pa.Superior Ct. 330, 195 A. 476 (1937).

**3.** The Trapizonas assert that the questions presented in Appellants' brief are new questions which did not appear in their motion for post-trial relief filed with the trial court and thus were not preserved for appeal. The Trapizonas' argument is without merit however because review of the motion for post-trial relief reveals that these issues were adequately addressed, albeit by alternative wording.

## ORDER

AND NOW, this 6th day of July, 1994, the order of the Court of Common Pleas of Allegheny County is affirmed.

NEWMAN, Judge, dissenting.

I respectfully dissent. As the majority correctly notes, "the focal question ... was whether Appellants' acquiescence in and approval of the work on the road constituted 'consent' within the meaning of Section 1961." Majority opinion at 499. The majority then goes on to conclude that "[t]he trial court properly determined that 'consent' as set forth in Section 1961 should be liberally construed," and that Appellants' submission in and approval of the work on the road constituted "consent."

Contrary to the conclusion reached by the majority, statutory authority provides that courts must give narrow construction to all acts of the legislature adopted prior to May 28, 1937 which are in derogation of common law. 1 Pa.C.S. § 1928(b)(8); *Jenkins v. Jenkins*, 246 Pa.Superior Ct. 455, 371 A.2d 925 (1977). For instance, Section 1928(b)(8) of the Statutory Construction Act of 1972, specifically provides:

(b) All provisions of a statute of the classes hereafter enumerated shall be strictly construed:

.     .     .     .     .

(8) Provisions enacted finally prior to September 1, 1937 which are in derogation of the common law.

1 Pa.C.S. § 1928(b)(8).

Section 1961 was enacted in 1889 and is clearly in derogation of the common law. For instance, our supreme court in *Rahn v. Hess*, 378 Pa. 264, 106 A.2d 461 (1954) explained:

[p]rior to the Act of 1889 no limitation of time was imposed on the public for perfecting the dedication by their acceptance. The Act fixed a time limit within which an acceptance by the public must take place. If the offer was not so accepted within twenty-one years after the dedication, the public's right to accept was foreclosed.

*Id.* at 268, 106 A.2d at 463 (citations omitted). Thus, a narrow construction of the statute in general, and of the term "consent" in specific, is warranted. Pursuant to this standard, the majority should have held that Appellants had to give their *affirmative consent* to the building of the road with full knowledge that the road belonged to Appellants.[1] Mere acquiescence and approval in the work on the road without Appellants' knowledge of the road's ownership is plainly insufficient to constitute "consent" under a narrow construction of the statute and term. To hold otherwise violates the principles of statutory construction.

With respect to the majority's conclusion that Appellants were unreasonable in relying on representations by various individuals, a brief recitation of pertinent facts is in order. In March 1990, Louis John Trapizona and Michael Allen Trapizona acquired the land behind the subject road. In April 1990, Appellants were contacted by Richard Trapizona, Chief of Police for the Township and Nicholas Veshio, an influential Public Works Supervisor. Both individuals informed the Appellants that the road between their properties was a public right of way. Relying upon this representation, Appellants expressed no opposition to the building of the road if it conformed to applicable and accepted standards. In October 1990, Louis John Trapizona and Michael Allen Trapizona conveyed portions of their land to Richard T. Trapizona. In February of 1991, upset with the progression and manner of the road's construction, Appellants contacted legal counsel. Legal counsel informed the Appellants that the road was not a public road, but actually belonged to them, because the Township had not accepted dedication of the road within the twenty-one year time period. Before this time, Appellants had no knowledge that they owned the road. After acquiring this information, Appellants immediately voiced their protestations to the Trapizonas, culminating in their filing the instant equity action on March 18, 1991.

1. For this reason, *Maust v. Pennsylvania & Maryland State Railway Company*, 219 Pa. 568, 69 A. 80 (1908) has no applicability to the present case.

As the majority correctly recognizes, Appellants' assent to the building of the road occurred before they ascertained that the road belonged to them. After that time, Appellants undertook immediate and corrective measures to reclaim the road. Pursuant to any reasonable interpretation, Appellants' actions cannot be deemed dilatory since they immediately exercised their rights once they realized that they owned the road.

The majority specifically relies on *Center Township v. Zoning Hearing Board of Center Township*, 104 Pa.Commonwealth Ct. 487, 522 A.2d 673 (1987) for the proposition that Appellants' reliance on various parties' representations was unreasonable; however, this reliance is misplaced in this case. For instance, the majority notes that because the Center Township supervisor was the seller of the property, his statements could not be imputed to the Township since the supervisor had an apparent self-interest in informing the buyer he could use the property as he desired. While the holding in *Center Township* may apply to Mr. Trapizona in the instant case, it certainly does not apply to Mr. Veshio, who clearly and indisputably informed the Appellants that the road was a public right-of-way.[2] A review of the record does not reveal any apparent self-interest on the part of Mr. Veshio. In fact, Mr. Veshio was employed by Aleppo Township for thirty-five years in the capacity of, among other things, Public Works Supervisor and Chairman of the Board of the Water Authority.

Moreover, the majority attempts to minimize the significance of Mr. Trapizona's and Mr. Veshio's statements by concluding that these statements represented "legal opinions" which neither individual was qualified to render. However,

2. Mr. Veshio testified as follows:
   Q. Mr. Veshio, when you first met the Leiningers and the Pflughs— and you have heard the testimony about the meeting, you and Richard in the early summer, late spring of 1990—did you inform the Plaintiffs in this case that this was a public right-of-way, the disputed area that is?
   A. You said it right, public right-of-way....
   Notes of Testimony, December 18, 1991 at 97 (N.T.).

the individuals' statements were not legal opinions, but were presented as statements of fact. The testimony from the hearing conclusively demonstrates that the statements were provided as factual statements. For instance, Mr. Trapizona testified that Appellants' consent was not needed since it was a public right-of-way. Specifically, Mr. Trapizona testified as follows:

Q. At time of that conversation [February 1990], it didn't enter your mind to ask for their consent?

A. I wasn't [sic].

Q. You didn't think you needed it, did you?

A. It was a right-of-way.

N.T. at 122–123.

With respect to Mr. Veshio, he testified as follows:

Q. Did you tell them [Appellants] that the Trapizona [sic] could use it [road] if they want?

A. Yes.

N.T. at 97.

From a review of the record, there is no evidence that Mr. Trapizona and Mr. Veshio rendered legal opinions with respect to the status of the road. This conclusion is buttressed by the fact that all parties believed that the road was a public right-of-way until February 1991.

Finally, the majority, in footnote two of its opinion, again relying on *Center Township,* unfairly places the burden on the Appellants with respect to ascertaining the applicable law. Factually, the two situations are different. *Center Township* involved a buyer who clearly should have familiarized himself with the applicable zoning laws before he purchased the house. The instant case involves the status of a road which all parties believed to have been a public right-of-way. Appellants were not buyers, but were property owners who had lived in their homes for many years without knowledge of Section 1961's

effect.[3] In the usual course of business, individuals properly and reasonably rely on information supplied by Township officials as to various building requirements and regulations. This court should not lose sight of the fact that Appellants were lay persons and were dealing with a respected Chief of Police of the Township and an influential Public Works Supervisor. To hold Appellants to a heightened standard is unrealistic and inequitable.

In conclusion, if any inference is to be drawn from this court's holding in *Center Township*, this court should hold that Mr. Trapizona should have ascertained the status of the road and obtained Appellants' affirmative consent before he and his family purchased the land.

For the foregoing reasons, I respectfully dissent from the majority opinion.

---

3. The Pflughs had acquired title to their property on September 24, 1973. The Leiningers had acquired title to their property on May 29, 1986.