## Beth S. BROMLEY, Appellant

v.

## BOROUGH OF McDONALD.

Commonwealth Court of Pennsylvania.

Argued Jan. 30, 2006.

Decided April 19, 2006.

---

1. The Election Code is the Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §§ 2600–3591.

Timothy G. Wojton, Pittsburgh, for appellant.

Jeffrey A. Watson, Washington, for appellee.

BEFORE: PELLEGRINI, Judge, SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Beth S. Bromley (Bromley) appeals from an order of the Court of Common Pleas of Washington County (trial court) which affirmed the decision of the Borough of McDonald Council (Borough) denying her petition to remove Grant Avenue from a plan of streets and to cancel the laying out thereof.[1] We affirm.

---

1. Bromley in her petition and brief interchangeably refers to a request to remove Grant Avenue from a plan of streets, and a vacation of Grant Avenue. Section 1742 of

The Borough Code (Borough Code), Act of February 1, 1966, P.L. (1965), *as amended*, 53 P.S. § 46742, addresses the vacation of streets whereas Section 1724 of the Borough

Bromley is the sole of owner of property located at 600 West Lincoln Avenue. The property consists of Lots 19 and 20 in McDonald Estate Plan, Section 2, a subdivision filed and recorded in the recorder's office on December 4, 1964.

On June 7, 2004, Bromley presented a petition to remove Grant Avenue, a 50 foot right of way, from the McDonald Estate Plan of Lots, and to cancel the laying out thereof, and thereby recognize the fee interests in the property held by Bromley and adjoining landowner, Mr. Clark, to the center line of the 50 foot right of way. The petition was filed pursuant to Section 1724 of the Borough Code, 53 P.S. § 46724, which states:

> At any time after any street or portion thereof shall have remained laid out but not opened for a period of ten years or longer, any owner ... of fifty percent of the front feet of the land over which such street ... was laid out may petition the borough council to remove such street from the plan of streets and to cancel the laying out thereof.

Borough conducted a hearing on June 7, 2004, at which interested parties testified. Bromley testified that she wanted to pave a twelve foot by thirty six foot portion of Grant Avenue in order to create parking for a recreational vehicle. She also testified that other recreational vehicles are parked in the Borough and that the only other adjacent property owner, Mr. Clark, whose land also abuts Grant Avenue, has already made improvements over a portion of Grant Avenue, including part of a driveway, a yard and storage shed.[2]

Various residents testified that the roadway is used on a regular basis for ingress and egress and that canceling of the street would present a hardship to the general public.[3] Mr. Clark testified that the road has been used continuously by the public since its inception and that everyone uses it to access the back of their homes. Grant Avenue continues into a neighboring county and residents testified that they must use it to get to their properties. In addition, there was testimony that there is a bus stop on Grant Avenue.

Borough denied Bromley's petition at the conclusion of the June 7, 2004 meeting, which denial was confirmed in a letter to Bromley on June 9, 2004. In its decision, Borough observed that Grant Avenue has never formally been accepted. Borough also stated, however, that absent a local ordinance prohibiting opening a public street which the municipality did not approve, a paper street can become a public way where, as here, there has been evidence of substantial public use. *Capozzi v. Cummins,* 191 Pa.Super. 500, 159 A.2d 536 (1960). Moreover, in determining an application by property owners to vacate a street which traverses their property, the final test is whether the public interest will be best served by vacating the road in question. *Petition of Fried–El Corporation,* 81 Pa.Cmwlth. 493, 474 A.2d 713 (1984). In making such a determination, the burden is on the petitioner to show that no public interest will be served by not vacating the road, or in the alternative that its vacation will be beneficial to the

---

Code, 53 P.S. § 46724, addresses the removal of streets from a plan. Bromley filed her petition in this case pursuant to Section 1724 of the Borough Code.

**2.** According to Mr. Clark, the shed is not in the right-of-way and is in fact located in an adjacent township.

**3.** As to the condition of the road, Mr. Clark testified that he puts cinders on it, cleans the snow off of it and maintains it.

public interest. *Id.* Here, Borough determined that Bromley failed to meet her burden.

Bromley appealed to the trial court. Counsel for Bromley, Timothy G. Wojton, thereafter also filed an affidavit with the trial court stating his belief that the transcript of the testimony taken before Borough was inaccurate and did not contain a complete recording of the proceedings. The trial court affirmed the Borough's decision. The trial court agreed with the reasoning set forth in the Borough's decision and also noted that even where a municipality fails to accept a dedicated street, the owners of property within the subdivision retain private rights of easement which would be forever lost if Bromley's petition were granted. This appeal followed.[4]

■ Initially, Bromley contends that Borough's decision is contrary to relevant law regarding the cancellation of paper streets. We disagree.

■ Section 1724 of the Borough Code, 53 P.S. § 46724, provides:

Whenever any street shall have been laid out and shall not have been opened to, or used by the public for a period of twenty-one years, such street shall not thereafter be opened without the consent of the owners of at least fifty-one percent of the property abutting such street, based on a front foot basis.

There is no dispute in this case that during the past forty years, the Borough has not taken formal action to open Grant Avenue. Given that the street has not been opened for more that twenty one years, Bromley argues that the Borough has lost the right to do so. Section 1724 of the Borough Code, 53 P.S. § 46724, applies to unused streets; streets which were laid out on paper, but never actually opened by the municipality or used by the general public. The legislature enacted the statute "in order to relieve land from the burden of public servitude created by a dedication in which the dedicated streets have been laid out but not opened." *Lillo v. Moore,* 704 A.2d 149, 153 (Pa.Super.1997), *petition for allowance of appeal denied,* 555 Pa. 713, 724 A.2d 349 (1998).

Bromley argues that in accordance with *Leininger v. Trapizona,* 165 Pa.Cmwlth. 493, 645 A.2d 437 (1994), *petition for allowance of appeal denied,* 540 Pa. 624, 657 A.2d 494 (1995) and *Pawlowski v. Borough of Barnesboro,* 118 Pa.Cmwlth. 375, 545 A.2d 965 (1988), *petition for allowance of appeal denied,* 521 Pa. 626, 557 A.2d 728 (1989), where there is no acceptance by the Borough of a road within twenty one years, the abutting lot owners acquire a fee in the street to the center line.

While we agree that Section 1724 of the Borough Code, 53 P.S. § 46724, does fix a twenty-one year time limit in which the Borough must accept dedication, and such is acknowledged in *Leininger* and *Pawloski,* this court recently stated in *Smith v. Borough of New Hope,* 879 A.2d 1281, 1286 (2005), that "this section has no application where the evidence establishes the public nature of the street, as opposed to a mere paper street." In *Smith* this court determined that Dock Street, was a public right of way even though the borough was unable to demonstrate events surrounding the opening of the street or that Dock Street was opened within twenty one years of its 1865 offer of dedication.

In *Smith,* this court observed that the evidence showed that Dock Street was

---

4. Judicial intervention is proper only where the local governmental body has abused its discretion or committed a clear violation of the law. *City of Altoona,* 479 Pa. 252, 388 A.2d 313 (1978).

used daily by the public, and maintained by the borough for at least the past twenty five years. Observing that Section 1724 of the Borough Code fixes a twenty one year time limit, this court also stated that this section is inapplicable where the evidence establishes the public nature of the street.

Relying on *Capozzi*, which held that a paper street can become a public way where there has been substantial public use, with or without any acts or conduct on behalf of the municipal corporation, this court determined that Dock Street was a public way. The evidence in *Smith* showed that the borough had maintained Dock Street, Dock Street was used for ingress and egress for the abutting property owners and the general public and thus this court concluded that Dock Street was not a paper street within the meaning of Section 1724 of the Borough Code, 53 P.S. § 46724.

Similar to the roads at issue in *Capozzi* and *Smith*, Grant Avenue, in this case, has been continuously used by the public since its inception for ingress and egress. Mr. Clark and various other residents testified that the roadway is used on a regular basis by themselves and the public for ingress and egress. In addition, there is also a bus stop on Grant Avenue and neighbors use it to access the rear of their properties. Such evidence establishes the public nature of Grant Avenue rendering Section 1724 of the Borough Code inapplicable. Unlike *Pawloski*, where the paper street was a mere foot path through the woods and grass, the street in this case has been continuously used by the public.[5]

■ We also note that although this case involves the removal of a road from a plan of streets rather than a vacation, we find the standard applicable in this case that was enunciated in *Fried–El* concerning whether Borough acted appropriately. In *Fried–El*, this court cited, with approval, the reasoning of the trial court that the final test placed on an applicant seeking a vacation of a street is to show that no public interest will be served by not vacating the road, or in the alternative that its vacation will be beneficial to the public interest. Here, we agree with the Borough and trial court that Bromley has failed to meet her burden inasmuch as the testimony reveals that Grant Avenue has been continuously used by the public.

■ Finally, Bromley claims that the trial court erred in failing to hold a de novo hearing or refer the matter back to Borough in order to create a complete record.

In the affidavit presented to the trial court, counsel for Bromley, Mr. Wojton, alleges that the Borough transcript is incomplete. Namely, Mr. Wojton states that although the court reporter did transcribe the testimony presented to the best of her ability, it is his belief that conversations, commentaries and discussions about exhibits occurred other than the ones reduced to full transcription. The affidavit does not state, however, what testimony or discussions were omitted from the transcription, nor does it state how Bromley was prejudiced. As such, without reference to omitted testimony, we fail to see how a new hearing is warranted.

---

5. Because the public nature of Grant Avenue has been established, we need not address what affect a cancelling of the laying out of Grant Avenue would have on neighboring properties. We do note, nonetheless, that where, as here, a sale of lots references a map or plot which calls for certain alleys and streets, such constitutes a dedication of those roadways and the fact that a street may not be accepted by the municipality does not affect the continuing private contractual rights of property owners within the plan to use the streets. *Drusedum v. Guernaccini*, 251 Pa.Super. 504, 380 A.2d 894 (1977).

In accordance with the above, the decision of the trial court is affirmed.

### *ORDER*

Now, April 19, 2006, the order of the Court of Common Pleas of Washington County, in the above-captioned matter, is affirmed.