IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Kowalczyk :
:
v. : No. 1272 C.D. 2020
:
Borough of Portage, :
           Appellant : Submitted: December 30, 2022

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                  HONORABLE ELLEN CEISLER, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE CEISLER                               FILED:  March 27, 2023

The Borough of Portage (Borough) appeals from the November 2, 2020 Order of the Cambria County Court of Common Pleas (Trial Court) granting the Motion for Summary Judgment filed by Richard Kowalczyk. We affirm the Trial Court's Order.

## **Background**

On March 28, 2012, Mr. Kowalczyk initiated this action by filing a Petition for Declaratory Judgment and to Quiet Title in the Trial Court. He filed an Amended Petition for Declaratory Judgment and to Quiet Title (Amended Petition), with leave of court, on August 26, 2019.

Mr. Kowalczyk owns property located at 1201 Jefferson Avenue in the Borough. The southern border of his "property adjoins an unopened alley originally plotted on the Borough['s] plan and named Trout Run Alley." Am. Pet. ¶ 4 & Exs. A & B. During his period of ownership, Mr. Kowalczyk has cut the grass and maintained the half of Trout Run Alley that abuts his property along the southern

border.  In July 2010, Mr. Kowalczyk sought to build a fence at the centerline of Trout Run Alley between his property and that of his adjoining neighbor, whose property abuts the other side of Trout Run Alley.  In October 2010, the Borough informed Mr. Kowalczyk that it would "take any steps necessary to prevent any construction on the portion of Trout Run Alley in question to preserve the existing right-of-way for potential future use."  Am. Pet. ¶ 14 & Ex. F.

In his Amended Petition, Mr. Kowalczyk sought, *inter alia*, a declaratory judgment that the unopened portion of Trout Run Alley has reverted to the adjoining landowners and an order confirming his ownership of one-half of Trout Run Alley "and quieting his title to same to prevent further interference of his use and enjoyment of his property by the Borough . . . absent a taking by eminent domain."  Am. Pet., Counts I & V.[1]

The Borough filed Preliminary Objections to the Amended Petition, asserting, *inter alia*, that the Trial Court lacked jurisdiction because Mr. Kowalczyk failed to exhaust the statutory remedy available to him in Section 1724(a) of the Borough Code, 8 Pa. C.S. § 1724(a), which requires an adjacent landowner to petition the Borough before seeking to quiet title of a street that has remained unopened for 10 or more years.[2]  After briefing by the parties, on December 23, 2019, the Trial Court overruled the Borough's Preliminary Objections without an accompanying opinion.

---

[1] In his Amended Petition, Mr. Kowalczyk also asserted other claims for declaratory relief involving the preemption and constitutionality of Borough Ordinance Number 2-2010, which governs the use of unimproved roadways that have not been opened.  However, the Trial Court dismissed those claims as moot in its November 2, 2020 Order granting summary judgment.  *See* Trial Ct. Order, 11/2/20, at 2.  That ruling is not at issue on this appeal.

[2] While the Borough asserted other Preliminary Objections to the Amended Petition, the only objection at issue in this appeal is Mr. Kowalczyk's failure to exhaust his statutory remedy.

On February 7, 2020, the Borough filed an Answer and New Matter to the Amended Petition, and Mr. Kowalczyk filed a Reply to New Matter on February 21, 2020.

On August 31, 2020, Mr. Kowalczyk filed a Motion for Summary Judgment, asserting that no disputed issues of material fact exist and that he is entitled to judgment as a matter of law. Mr. Kowalczyk argued that Pennsylvania law dictates that the Borough's portion of Trout Run Alley, an unopened "paper street,"[3] reverted to the adjacent landowners by operation of law after the Borough failed to open or accept Trout Run Alley for more than 21 years after it was offered for dedication. Thereafter, the Borough filed a Response in Opposition to the Motion for Summary Judgment, and both parties filed supporting briefs.

Following argument before a three-judge panel, on November 2, 2020, the Trial Court granted summary judgment in Mr. Kowalczyk's favor, concluding as follows:

> 1) Given [the Borough's] admissions as to all of the following: a) that [Mr. Kowalczyk's] property adjoins the unopened []Trout Run Alley[] at issue; b) that [the Borough] has never opened Trout Run Alley; and c) . . . [the Borough] has no authority to open Trout Run Alley without the consent of the adjoining landowners; and consistent with the case[ ]law set forth in [Mr. Kowalczyk's] brief, *the [Trial] Court finds that [Mr. Kowalczyk] shall take title to the center line of Trout Run Alley*.

---

[3] Our Court has explained:

> A "paper street" refers to a street which appears on the plan or zoning map of a municipality or on other publicly recorded documents such as subdivision plans and tax maps. Where such a street has never been opened by the municipality or used by the public, it has no existence except on paper, and is therefore referred to as a "paper street."

*Tobin v. Radnor Twp. Bd. of Comm'rs*, 597 A.2d 1258, 1260 n.1 (Pa. Cmwlth. 1991).

> 2) [Mr. Kowalczyk] shall prepare a deed for execution by the [Borough] in accordance with Paragraph 1.

Trial Ct. Order, 11/2/20, at 1-2 (emphasis added).[4]  The Borough now appeals to this Court.[5]

## Analysis

The Borough raises one issue on appeal: whether the Trial Court erred in overruling its Preliminary Objection challenging Mr. Kowalczyk's failure to exhaust his statutory remedy.  Specifically, the Borough asserts that Mr. Kowalczyk failed to file a petition with Borough Council to cancel the laying out of Trout Run Alley as required by Section 1724(a) of the Borough Code.  The Borough maintains that because Mr. Kowalczyk did not avail himself of the petitioning procedure in Section 1724(a), the Trial Court lacked jurisdiction over the matter and, therefore, erred in granting summary judgment in Mr. Kowalczyk's favor.  *See Myers v. Pa. Dep't of Revenue*, 423 A.2d 1101, 1103 (Pa. Cmwlth. 1980) (holding that when a proceeding lies "'within the exclusive jurisdiction of a tribunal other than a court,'" declaratory relief is unavailable) (quoting Section 7541(c)(2) of the Declaratory Judgments Act, 42 Pa. C.S. § 7541(c)(2)).

We conclude that the Borough has misconstrued Section 1724 of the Borough Code.  The relevant provisions of Section 1724 provide:

---

[4] Judge David J. Tulowitski issued the Trial Court's Order, with which Judges Linda Rovder Fleming and Timothy P. Creany concurred.

[5] When reviewing a trial court's grant of summary judgment, our standard of review is *de novo*, and our scope of review is plenary.  We apply the same standard for summary judgment as the trial court.  *Gior G.P., Inc. v. Waterfront Square Reef, LLC*, 202 A.3d 845, 852 n.10 (Pa. Cmwlth. 2019).  "'A grant of summary judgment is only appropriate where the record clearly shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.'"  *Id.* (citation omitted).

4

**(a) Street unopened after ten years.**—At any time after a street or portion of the street *has remained laid out but not opened for a period of ten years or longer, an owner of 50% of the front feet of the land over which the street or portion of the street was laid out may petition the council to cancel the laying out of the street. . . .* Council may, on motion, deny the petition or, by ordinance, grant the petition and cancel the laying out of the street. A person aggrieved by the decision of the council, either granting or denying the petition, may appeal it. . . .

**(b) Street unopened after 21 years.**—If a public street has been laid out and *has not been opened to or used by the public for a period of 21 years, the street may not thereafter be opened without the consent of at least 51% of the number of owners of the abutting real estate and without the consent of the owners of at least 51% of the property abutting the street, based on a front foot basis*.

8 Pa. C.S. § 1724(a) and (b) (emphasis added).

It is evident, from a plain reading of the statute, that Section 1724 of the Borough Code sets forth two different procedures for quieting title to an unopened paper street, based on the length of time that has passed since the street was first laid out. Subsection (a) provides that after *10 or more years* have passed, a landowner whose property abuts an unopened street and who owns at least 50% of the frontage thereof may petition the Borough to cancel the unopened street. However, subsection (b) – which the Borough completely omits from its appellate brief – provides that after *21 years* have passed, the Borough must receive the consent of a majority of the adjacent landowners to open a previously laid out street. Importantly, unlike subsection (a), subsection (b) *does not* require an adjacent landowner to file a petition with the Borough. In other words, under subsection (b), the Borough effectively forfeits its right to open a previously laid out street to the public after 21 years have passed, *unless* it obtains the consent of 51% of the adjacent landowners.

This reading of the statute is also consistent with established Pennsylvania precedent interpreting the Borough Code's predecessor statutes, which contained

5

substantially similar language as Section 1724(b).[6] This Court has stated that "[f]ollowing the dedication of a street, there must be an acceptance by the municipality or use by the public within [21] years; *otherwise, the land reverts to the abutting landowners*." *Pawlowski v. Borough of Barnesboro*, 545 A.2d 965, 966 (Pa. Cmwlth. 1988) (emphasis added). "A street becomes public when it is (1) dedicated to public use and (2) accepted by the municipality." *Leininger v. Trapizona*, 645 A.2d 437, 440 n.1 (Pa. Cmwlth. 1994). If the street is not accepted within 21 years, "'*[t]he land is discharged from such servitude[,] and the dedicated portion of it has entirely lost its character as a public street*.'" *Rahn v. Hess*, 106 A.2d 461, 463-64 (Pa. 1954) (citation omitted) (emphasis added).[7] After the expiration of 21 years, the only way a borough may open the street is by obtaining the consent of a majority of "the abutting lot owners" who "acquired the fee in the street[]." *Id.* at 464.

In this case, the record establishes that Trout Run Alley has remained unopened and unaccepted by the Borough for almost 111 years. *See* Kowalczyk Mot. for Summ. J. ¶ 8 (averring that Trout Run Alley "remains unopened today" and

---

[6] The present version of Section 1724 of the Borough Code became effective on June 17, 2014. Its predecessor statutes were Section 1724 of the Act of February 1, 1966, P.L. (1965), *as amended*, *formerly* 53 P.S. § 46724, repealed by the Act of April 18, 2014, P.L. 432, and Section 1 of the Act of May 9, 1889, P.L. 173, 36 P.S. § 1961, repealed as relating to boroughs pursuant to the Act of May 14, 1915, P.L. 312. *See Smith v. Borough of New Hope*, 879 A.2d 1281, 1288 n.8 (Pa. Cmwlth. 2005).

[7] The Pennsylvania Superior Court has further explained:

In order for a dedicated "paper street" to become a public thoroughfare, . . . it is necessary to demonstrate that the street is *actually opened* by the municipality or used by the general public. *The "opening" of a street occurs when the street is actually graded and constructed*.

*Lillo v. Moore*, 704 A.2d 149, 153 (Pa. Super. 1997) (internal citations omitted) (emphasis added).

6

"consist[s] of grass, trees, and vegetation"). Trout Run Alley was offered for dedication to the Borough through the Hammers Addition to the Borough's Plan of Lots, which was recorded in the Cambria County Recorder of Deeds Office on July 5, 1912. *See id.* ¶¶ 4-5 & Ex. A. The Borough was required to accept or open Trout Run Alley for public use no later than 21 years after the offer of dedication – i.e., by July 5, 1933. *See Tobin*, 597 A.2d at 1265 ("Acceptance by a municipality of an offer of dedication within the [21-]year period is the critical factor which makes dedication complete."). In its pleadings, the Borough admitted that it never accepted the offer of dedication or otherwise opened Trout Run Alley. *See, e.g.*, Borough Answer & New Matter ¶ 4 (admitting that Trout Run Alley was originally plotted on the Borough's plan); *id.* ¶ 18 ("It is admitted that [the Borough] has never formally opened Trout Run Alley."); *id.* ¶ 23 ("It is admitted that Trout Run Alley has not been formally opened by . . . Borough Council.").

We conclude that under Section 1724(b) of the Borough Code and our case law, the Borough's portion of Trout Run Alley reverted to Mr. Kowalczyk, to the center line, by operation of law as of July 5, 1933. *See Rahn*, 106 A.2d at 463-64.[8] We further conclude that because more than 21 years have passed since the offer of dedication of Trout Run Alley, which the Borough never accepted, Section 1724(a) of the Borough Code is inapplicable here. Therefore, we reject the Borough's contention that Mr. Kowalczyk was required to petition Borough Council before seeking declaratory relief in the Trial Court.

---

[8] *But cf. Smith*, 879 A.2d at 1286-87 (finding that the purported "paper street" in question did not revert to the adjacent landowners after 21 years, where the evidence clearly demonstrated that the street "was used daily by the public and . . . the Borough maintained it for at least the past 25 years" and "the street . . . was used as a public thoroughfare, i.e., it did not just exist on paper").

## **Conclusion**

Accordingly, because we conclude that there are no issues of material fact in dispute and that Mr. Kowalczyk is entitled to judgment as a matter of law, we affirm the Trial Court's Order.

_____
ELLEN CEISLER, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Richard Kowalczyk | : | |
| | : | |
| v. | : | No. 1272 C.D. 2020 |
| | : | |
| Borough of Portage, | : | |
| Appellant | : | |

# **O R D E R**

AND NOW, this 27th day of March, 2023, the Order of the Cambria County Court of Common Pleas, entered November 2, 2020, is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge